## ZEITZ v. FOLEY.

Court of Appeals of Kentucky.

Jan. 29, 1954.

Patrick S. Greene, Louisville, for appellant.

L. Lyne Smith, Jr., Woodward, Hobson & Fulton, Louisville, for appellee.

DUNCAN, Justice.

The judgment in favor of appellee is for $5,000 upon a promissory note. The appellant defended on the ground of illegal consideration and, upon the appeal, is insisting *inter alia* that the court should have peremptorily instructed a verdict in his favor and that the evidence does not support the verdict.

At the time of the transaction in question, appellee owned and operated a restaurant on Frankfort Avenue in Louisville, Kentucky. The restaurant had not been profitable and he had listed it with a real estate agency for sale. As a means of supplementing the legitimate income of the business, he began operating a handbook and card game some two weeks before the ultimate sale. Appellant purchased the restaurant, including equipment, stock, good will, and building lease on October 29, 1948, and the note involved here, due one year after date, was executed in payment of the purchase price.

No question of fraud is involved. At the time of the sale, appellee informed appellant that he was operating a card game and handbook and offered to introduce him to the police captain in that precinct in order to facilitate its continued operation. There is little conflict in the evidence as to what was said between the parties, their principal difference being the construction which should be placed upon the transaction. The appellant contends that the sale was essentially one of the handbook and card game, while appellee insists that it primarily involved the restaurant assets and that the gambling operations were only incidental. Under appropriate instructions, the jury accepted appellee's theory, and if there is more than a scintilla supporting its finding, we are required to affirm.

A contract is invalid if it is so connected with an illegal purpose as to be inseparable from it. It is impossible to lay down any exact rule by which it may always be determined whether an agreement is collateral to, and so disconnected from, an illegal and immoral business as to make it enforceable when it would not be enforceable if it were directly in aid of, or in the advancement or encouragement of, acts in violation of law. How far the principle that no action can be maintained on an agreement founded on an illegal consideration affects collateral agreements, the direct and immediate consideration of which is not immoral or illegal, is a question of considerable intricacy and one upon which the courts are not entirely in agreement.

If it clearly appears that a contract has as its direct object and purpose a violation of the Federal or state constitution, Federal or state statutes, some ordinance of a city or town, or some rule of the common law, courts will not lend their aid to its enforcement. However, contracts voluntarily made between competent persons are not to be set aside lightly. As the right of private contract is no small part of the liberty of the citizen, the usual and most important function of courts is to enforce and maintain contracts rather than to enable parties to escape their obligations on the pretext of public policy or illegality. If the legality of the contract can be sustained in whole or in part under any reasonable interpretation of its provisions, courts should not hesitate to decree enforcement.

The great weight of authority is to the effect that a contract legal in itself is not rendered unenforceable by the mere fact that one of the parties has knowledge of an intended purpose of the other party to use the subject matter of the contract as a means of violating some law or public policy. Irwin v. Williar, 110 U.S. 499, 4 S.Ct. 160, 28 L.Ed. 225; Ashford v. Mace, 103 Ark. 114, 146 S.W. 474, 39 L.R.A.,N.S., 1104; and other cases cited in the annotation in 53 A.L.R. 1366.

Another rule equally well established is that an agreement will be enforced,

even if it is incidentally or indirectly connected with an illegal transaction, provided it is supported by an independent consideration. 17 C.J.S., Contracts, § 276, page 663.

 Appellee unequivocally testified that the only thing he sold or intended to sell was the stock, fixtures, and good will of the restaurant and a 4½-year lease on the building in which it was operated. The attorney who prepared the bill of sale, including only these items, testified that the operation of the card game and handbook was not mentioned in his presence and that the transaction involved nothing more than a sale of the restaurant assets. Under these circumstances, we think the jury was justified in finding that the consideration for the note was the sale of the restaurant as distinguished from the business which appellee was illegally conducting.

The judgment is affirmed.