379 P.2d 131

**TOM MAXWELL REALTY, INC.,** a corporation, Appellant,

v.

**S. C. JENNINGS, Appellee.**

No. 7665.

Supreme Court of Arizona,

En Banc.

Feb. 27, 1963.

Rehearing Denied March 19, 1963.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, Phoenix, for appellee.

FRANK X. GORDON, Jr., Judge of the Superior Court.

Appellant was plaintiff in a suit to collect a real estate commission. The trial judge entered judgment for the defendant at the end of plaintiff's case, and it is from that judgment that plaintiff appeals.

Defendant had some property he wanted to sell. Plaintiff had a prospective buyer for the property. Plaintiff was to get a $20,000 commission if the sale went through. Defendant and an employee of plaintiff met at plaintiff's offices. The employee of plaintiff filled out a printed form called "Purchase Contract and Receipt," including the terms of the proposed sale and the amount of the commission. Some other provisions were written on the back of the paper by the employee of plaintiff. The trial judge held that the acts of the employee of plaintiff in filling in and supplementing the printed form were the unlawful practice of law, and that therefore, the commission could not be collected.

Plaintiff contends that the actions of its employee were not the practice of law and that if they were, the sanctions imposed by A.R.S. §§ 32–261, 262 do not preclude recovery. In view of our decision in this case, we need not decide whether the acts of the employee of plaintiff were the practice of law.

A.R.S. § 32–261 reads:

"§ 32–261. Practice of law by active members only; violation; penalty

"A. No person shall practice law in this state unless he is an active member of the state bar in good standing as defined in this chapter.

"B. A person who, not being an active member of the state bar, or who after he has been disbarred, or while suspended from membership in the state bar, practices law, is guilty of a misdemeanor."

A.R.S. § 32–262 reads:

"§ 32–262. Remuneration of attorney not entitled to practice

"A person practicing as an attorney or counselor in a court of this state who is not lawfully entitled to practice law in this state shall not be entitled to demand or recover any remuneration for his services."

The question for decision is whether the two sections above quoted prohibit collection of the commission. In the first place, plaintiff does not ask to recover for any "legal" services. Certainly, a legal fee of $20,000 for filling out the printed form could not have been contemplated by the parties, even if plaintiff's employee were a lawyer. The amount agreed was for services as a real estate broker.

Section 597 of the Restatement of Contracts states:

"A bargain collaterally and remotely connected with an illegal purpose or act is not rendered illegal thereby if proof of the bargain can be made without relying upon the illegal transaction."

See, also, Zeitz v. Foley, Ky., 264 S.W.2d 267; Kosuga v. Kelly, 7th Cir., 257 F.2d 48, aff'd., 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475.

The bargain in this case was for plaintiff to consummate a sale of the property. The filling out of the form was not material to this bargain or at most was collaterally connected to it. Plaintiff is not suing to recover remuneration for legal services in

filling in the form, and A.R.S. § 32–262 does not apply.

Although the exact point was not involved, the Texas Court of Civil Appeals stated in Elliott v. Henck, Tex.Civ.App., 223 S.W.2d 292, 296:

"We overrule appellant's third point reading. 'The contract in question having been prepared by the appellee, Arthur Henck, or in his office under his direction and by a person not a licensed lawyer or a member of the bar is unenforceable, and the appellee Arthur Henck is liable to appellant for the amount of the earnest money as the loss or damage she would sustain if such contract were enforced.' "

■ Defendant cites Martineau v. Gresser, 182 N.E.2d 48 (Ohio Com.Pl.). In this case, a broker was denied his commission for filling in a form substantially as was done in this case on the ground that the filling in of the form was the practice of law. We think the position we have taken is the correct one and do not follow the Martineau case, supra. We have been cited to no other case in which this precise question has been decided.

■ Public policy does not require the entire transaction to be rendered void because of some irregularities in the mechanical preparation of the contract, even though these irregularities might amount to the commission of a misdemeanor.

Reversed and remanded with instructions to grant a new trial.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.

NOTE. RENZ L. JENNINGS, J., having disqualified himself, the Honorable FRANK X. GORDON, Jr., Judge of the Superior Court of Mohave County, was called in to sit in his stead and participate in the determination of this appeal.