# Trauth, By etc. v. Mackin Council No. 205, Young Men's Institute.

(Decided February 5, 1918).

## Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. **Negligence—Gymnasium.**—The storage of dismantled gymnasium apparatus along the walls and floor of a room set apart for that purpose and from five to seven feet from a punching bag did not render the use of the punching bag dangerous and was not negligence.

2. **Religious Societies—Negligence—Trial—Directed Verdict.**—Where a member of a religious society, while using a punching bag, installed by the society for use of its members in a room set apart for the storage of dismantled gymnasium apparatus, became dizzy and lost his balance and fell upon a board with bolts protruding therefrom, in consequence of which he lost an eye, apart from the question of the society's non-liability because of the character of its organization, which is not decided, such member in an action for damages for his injuries failed to show negligence and the directed verdict for the defendant was proper.

THOMAS WALSH and DAVID R. CASTLEMAN for appellant.

R. T. BURKE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On February 21, 1916, plaintiff became a member of the defendant council, and as such was entitled to use the reading rooms, gymnasium, etc., in its home building at No. 344 N. 26th Street in Louisville.

On February 29th plaintiff fell while in a room of defendant's building, which is just off from the gymnasium room and in which was erected a punching bag for use of members, but the room was otherwise used for storing gymnasium apparatus not in use. In the fall, plaintiff's face evidently struck upon a board in which were four bolts from six to twelve inches in length and about three-fourths of an inch in diameter, one of which penetrated the left eye socket below the ball, destroying the sight of that eye. This board was a part of a dismantled apparatus which then, and for some months, had not been in use but was stored along the wall of the room. The punching bag was suspended near the center of that end of the room, about five or seven feet from where the apparatus, of which the board

with the bolts in it was a part, was stored. The room was well lighted, and plaintiff had been in the room a few times previous to the night of the accident and had seen some of the paraphernalia lying about, but had never seen the board.

To recover for his injuries, plaintiff filed this action against defendant, alleging negligence in the maintenance of its athletic department in permitting a dangerous instrument "to be present in said department, where members were engaged in various forms of physical exercise and might fall thereon, and in permitting such instruments to lie unprotected in proximity to the places set apart by defendant for such exercises by this plaintiff and other members, and in failing to warn or instruct this plaintiff as to the presence of such instruments, which said presence was known to defendant, or could have been known to it by the exercise of ordinary care," but was unknown to plaintiff.

Defendant's answer, in addition to a traverse of the allegations of negligence, pleaded contributory negligence, assumed risk, and in the fourth paragraph an exemption from liability because of the defendant's organization and operation as a purely religious, educational, and charitable institution, without capital stock or for profit. A reply, traversing the affirmative pleas, completed the issues.

At the conclusion of the evidence for plaintiff the court, upon motion of the defendant, directed a verdict in its favor, and from the judgment entered thereon plaintiff appeals.

The question of defendant's exemption from liability as a charitable institution is not before us and hence not considered on this appeal, since, as shown by the reasons given by the court for directing the verdict, the case went off on the question of the sufficiency of plaintiff's evidence of negligence before the evidence was in on the issue as to the character of defendant's organization.

The plaintiff does not claim, nor did he attempt to show, any negligence upon the part of the defendant which could have caused his fall, as there was nothing present upon which he could have tripped or stumbled or slipped, and the only explanation suggested is, that he was dizzy or became overbalanced in some unexplained way in removing his coat. The whole argument

for him is based upon the contention that defendant must have anticipated that members were liable to fall, during their athletic exercises, from chance or awkwardness or even design, and ought to have maintained the floors and walls of places set apart for such exercises free from such dangerous and destructive instruments as that upon which plaintiff fell, and that its failure so to do was negligence and the efficient proximate cause of plaintiff's injury.

Whatever force might attach to such an argument with reference to places set apart for exercises in which a fall might be anticipated, it is manifestly without force under the facts before us. The proof shows, without contradiction, the room where plaintiff was injured was a storage room, connected by a door with the gymnasium it is true, but used only for storage of dismantled gymnasium apparatus not in use, except that a punching bag was maintained therein for use of members; and there is no proof that any one ever before fell in that room or while engaged in such exercises as were permitted therein. The punching bag is used by standing under and striking it, and there was certainly nothing in such an apparatus, or in any described or imaginable use of it, to even suggest to any one the likelihood of a fall. In fact, plaintiff's fall was in no way caused by anything in the room and was so unusual that neither he nor any witness could explain how or why it occurred; and much less then could it reasonably have been anticipated, any more than a fall by members from becoming dizzy or overbalanced ought to be anticipated by defendant in their use of its billiard room or its reading room, necessitating a removal of hat racks. cuspidors, and other articles therein dangerous if fallen upon.

Moreover, it seems to us that, upon the proof here, the proximate cause of the accident was plaintiff's fall, for which the defendant is not liable; and that the board, against which he struck his head after losing his balance, was but the occasion and not the proximate cause of his injury. But, even if it is admitted, which does not seem reasonable under the circumstances, that there is room for doubt as to which of these two agencies was the proximate cause of the accident, still, to show negligence so as to render the defendant liable, plaintiff must have proved, which he failed to do, that the defendant permitted the board to remain in a place

where it ought, in the exercise of ordinary care, have anticipated that one of its members, in the use of the punching bag erected in that room or in going to or from it, might fall and be injured thereby. 29 Cyc. 493; Gosney v. L. & N. R. Co., 169 Ky. 323; Burton v. Cumberland Telephone & Telegraph Co., 118 S. W. 289; City of Louisville v. Hart's Admr., 143 Ky. 171; Mulligan v. Thompson Bros., 128 N. Y. Sup. 126; Heath v. Metropolitan Exhibition Co., 11 N. Y. Sup. 357.

Under the proof, it was proper to direct the verdict for the defendant.

Judgment affirmed.