## LOUISVILLE EXTENSION WATER DIST. et al. v. DIEHL PUMP & SUPPLY CO., Inc.

Court of Appeals of Kentucky.
Feb. 22, 1952.

586

Franklin P. Hays and Skaggs, Hays & Fahey, Louisville, for appellants.

William Mellor, Louisville, for appellee.

COMBS, Justice.

Diehl Pump and Supply Company recovered judgment in the amount of $607.20 against the Louisville Extension Water District for labor and materials furnished the District. Several grounds are urged for reversal, but we consider it necessary to discuss only one of them.

■ The District was created under Chapter 74, Kentucky Revised Statutes. KRS 74.020 provides for the appointment of three commissioners who constitute the governing body of the District. KRS 74.070 provides: " * * * The commission shall be a body corporate for all purposes, * * *." Such a district, therefore, is a political subdivision and in the execu-tion of contracts with third parties must observe the same formalities required of counties and municipalities.

■ The Diehl Company contends Mr. Murphy, one of the three District Commissioners, requested, by telephone, that the labor and materials be furnished. Murphy denies he made such a request, but it appears that the telephone call could have been made by another person in his office. We will assume, for the purpose of this opinion, that the materials and services were furnished at the request of Commissioner Murphy. That poses the question whether he had authority to make an enforceable contract for the District. This Court has repeatedly held that one contracting with a political subdivision does so at his peril, unless the contract is executed in the manner provided by statute.

In the case of District of Highlands v. Michie, 107 S.W. 216, 217, 32 Ky.Law Rep. 761, the Court had for consideration a claim for an attorney's fee by an attorney who had performed legal services for the District at the request of one or more of the district trustees. In holding that the District was entitled to a peremptory instruction, it was said: " * * * The plaintiff stated in his own testimony that he had no contract with the municipality to perform the services for the value of which he sued, except a conversation with one or more of the trustees. He does not pretend that the trustees acted, or undertook to act, as an official body in employing him to perform the special services upon which he bases his claim to recover in this case. * * * it was incumbent upon him, in order to recover, to show a duly authorized contract of employment by the municipality. The trustees of a city or other municipal corporation may not, in their individual capacity, employ counsel to represent it in litigation; nor does the fact that an attorney renders services to a municipal corporation entitle him to recover for such services under an implied contract. * * *"

In the case of City of Princeton v. Princeton Electric Light & Power Co., 166 Ky. 730, 179 S.W. 1074, 1079, it was said:

"* * * The persons who contract with municipal corporations must, at their peril, know the rights and powers of the officers of such municipalities to make contracts and the manner in which they must make them. Any other rule would destroy all the restrictions which are thrown around the people of municipalities for their protection by the statute laws and the Constitution, and would render abortive all such provisions. The rule in certain instances may be harsh, but no other is practical."

To the same effect are Jameison v. City of Paducah, 195 Ky. 71, 241 S.W. 327, and Floyd County v. Owego Bridge Company, 143 Ky. 693, 137 S.W. 237.

It is also contended that since the District received the benefits from the materials and services furnished by the Company, the law will imply a promise to pay. The cases cited above hold to the contrary. In the case of City of Princeton v. Princeton Electric Light & Power Company, 166 Ky. 730, 179 S.W. 1074, 1079, this court said: "* * * The law does not imply any obligation or promise upon the part of a municipal corporation to pay on account of having received benefits. The only powers such a corporation has arise from the laws creating it, and the municipality cannot be bound by the contracts of its officers which they have no power to make; and if the municipality receives benefits under such void contracts, the law does not raise any promise to pay for the benefits."

Also see the City of Covington v. Hallam & Myers, 16 Ky.Law Rep. 128.

It is also argued for the Company that the materials and services were furnished during an emergency, and that by reason of such emergency the request by one of the three Commissioners constituted a valid contract for the District. It is unnecessary for us to decide whether the rule would be different in case of an emergency, because the record fails to establish that any emergency existed. The work done consisted of repairs to two electric motors used by the District in the operation of water pumps. The District had not, at that time, commenced to furnish water to the general public and water on hand was used mainly for the purpose of testing water lines already laid. It is also established that the District had a water reserve sufficient to serve its purposes for a period of ten to twenty days.

There is no contention the Company's bill is excessive, or that the work was not done in a satisfactory manner. We are forced to the conclusion, however, that there is no enforceable contract upon which the Company can recover. The court should have directed the jury to find for the District.

The judgment is reversed for proceedings consistent with this opinion.