**ASHLAND OIL & REFINING COMPANY, Inc., Appellant,**

v.

**C. W. PHILLIPS, Appellee.**

Court of Appeals of Kentucky.

June 24, 1966.

---

James G. Begley, Donald D. Harkins, Danville, for appellant.

Robert M. Spragens, Lebanon, for appellee.

DAVIS, Commissioner.

Ashland Oil & Refining Company, appellant, sued appellee on an account for merchandise, alleging a balance due of $2,230.71. The trial judge dismissed the complaint on the ground that the pleadings, a deposition, answers to interrogatories

and admissions reflected that the "account owed by the defendant to plaintiff has been fully paid." We sustained a motion for appeal, KRS 21.080. Appellant concedes that the trial court's ruling is correct on the face of the statements of the account as originally filed, but insists that the court erroneously refused to permit appellant to file tendered amended complaints which reflected that the appellee-defendant owed the amount claimed. The narrow issue before us is whether there was an abuse of discretion in denying appellant's motions to file the amended complaints.

The exhibit of the account as filed with the original complaint showed itemized charges and credits between June 28, 1955, and December 13, 1956, and a balance due from appellee of $2,230.71.

In response to interrogatories, appellant later filed (September 20, 1961) a somewhat different statement of the claimed account, purporting to reflect charges and credits between June 16, 1955, and December 13, 1956, and bearing a stated balance due of $2,230.71. However, the actual totals of the charges and credits as reflected on that exhibit indicated a balance due of only $832.25.

On July 31, 1961, appellant took the deposition of its former distributor who had sold and delivered the merchandise to appellee. The witness filed fifty exhibits with his deposition, disclosing sales to appellee between May 10, 1954, and December 13, 1954. The total of these sales was shown as $6,913.47.

On October 3, 1961, appellant tendered its first amended complaint accompanied by yet another statement of the purported account. The opening date of the tendered accounting was February 11, 1954. Again the balance due was shown as $2,230.71. The appellee filed no response to the motion to amend, but the trial judge denied the motion by an order assigning no reason for so doing.

In April, 1962, the appellant made a motion that the appellee be compelled to answer interrogatories which had been served upon him on August 29, 1959. The court ordered that the interrogatories be answered, and allowed appellee 25 days to answer—although CR 33 prescribes 15 days for answering such interrogatories. On May 1, 1962, appellee answered the interrogatories and filed photostatic copies of numerous checks showing payments by him to appellant of various sums, all of which he claimed as credits on the account.

On July 12, 1962, appellant moved for leave to file an amended complaint, again accompanying it by the same items of account which had been tendered with the first amended complaint. The motion was overruled August 28, 1962. The order overruling the motion ascribed no specific reason for so doing, but did recite that the cause had been submitted to the court for judgment by agreement of the parties on June 11, 1962. No order so submitting the case is in the record. Final judgment was entered dismissing the complaint August 28, 1962.

In the circumstances at bar we are of the view that it was an abuse of discretion to deny appellant's motions to amend. CR 15.01 directs that leave to amend shall be "freely given when justice so requires." We are mindful of the decisions, cited by appellee, which stand for the proposition that the trial court's discretion in refusing amendments will not be disturbed unless it is clearly erroneous. See Bradford v. Billington, Ky., 299 S.W.2d 601; Graves v. Winer, Ky., 351 S.W.2d 193; Hedges v. Neace, Ky., 307 S.W.2d 564; Lawrence v. Marks, Ky., 355 S.W.2d 162. In each of the cited cases, however, there was a showing that "justice" did not "require" an amendment to be filed, but that such filing would work an injustice in the particular circumstance. Not so in the present case. There was no showing that appellee's position had been worsened by the delay in offering the amendments to the complaint; there was certainly a color of excuse for the delay in light of appellee's

long delay in responding to the interrogatories. No suggestion of "bad faith" on the part of appellant appears. We conclude that there was no sufficient reason for the trial court to refuse the tendered amendments.

By fortuitous circumstance, after the inordinate delay in the disposition of this litigation in the trial court, an inexplicable clerical misprision brought about its being withheld from submission in this court in due course.

The judgment is reversed with directions to permit the tendered amended complaints to be filed and for further proceedings consistent with the opinion.