Walter **GULLETT**, Appellant,

v.

James **McCORMICK**, Appellee.

Court of Appeals of Kentucky.

Nov. 24, 1967.

the bales of hay on two occasions, and on each occasion plaintiff rode in the back of the truck on top of the hay. These trips were successfully negotiated without incident.

On the third load, according to plaintiff, he and the others stacked more bales of hay on the back of the truck, at the direction of the defendant, than they had previously stacked; and plaintiff, an adult, and some of the boys who were engaged in the work rode on top of the bales of hay as they had done on previous occasions. The bales were not tied.

Plaintiff's son, together with the son of the defendant, rode in the cab of the truck with the defendant. The truck, after being loaded for the third time, was driven from the field toward a paved road. Just before the front of the truck reached the paved road, the loaded hay on which plaintiff was riding fell from the truck carrying the plaintiff with it, and the plaintiff sustained personal injuries as a result of the fall.

The trial court ordered that the case be set for pretrial conference and directed that the parties have present at the pretrial conference the principal witness that each would rely on as to liability. It also directed that some person with authority to settle the case be present if settlement could be reached.

The record shows that at this pretrial conference plaintiff and defendant testified, and their testimony was transcribed. This testimony is the source of the statement of facts recited herein up to this point.

At the conclusion of the pretrial conference, the court directed the parties to file briefs on the issue of liability. The defendant instead of filing such brief moved for summary judgment. Plaintiff, in response to this motion, filed the affidavit of his son who was riding in the cab of the truck at the time of the accident. This affidavit recites that on the occasion of the accident, the defendant slowed the truck

Eldon L. Webb, John W. McKenzie, Ashland, for appellant.

P. H. Vincent, Ashland, for appellee.

SCOTT REED, Special Commissioner.

In this personal injury action the trial court granted a summary judgment in favor of the defendant, and the plaintiff appeals.

Plaintiff was injured while riding on a truck driven by the defendant who was engaged in hauling baled hay from a field to a barn. Plaintiff and defendant were neighbors, and plaintiff was apparently requested by defendant to assist him in loading and transporting the hay.

On the day in question defendant, plaintiff, and some boys loaded the truck with

to cross a drain in the field and the truck engine quit; that the witness and the defendant worked on the truck a few minutes and got it started; that defendant then drove the truck from the field toward the blacktop road and just before the front end of the truck reached the blacktop road, the truck engine "started choking down or dying and Mr. McCormick clutched the truck and accelerated the engine causing the truck to jerk or lurch foreward (sic); that when this happened Mr. McCormick said 'I'll bet I threw that load off,' which he had; Mr. McCormick drove the truck all the way on the blacktop road before he stopped."

The trial court entered an order reciting that in its opinion it was probably negligence to haul hay on a truck without tying the hay, and that it was likewise negligence for the plaintiff to ride on top of a truckload of hay knowing the same was not tied. The trial court further recited that if the defendant was guilty of negligence, it was equally clear that plaintiff was guilty of contributory negligence; this order further recited that in the opinion of the trial court, the action of the defendant in clutching the truck and accelerating the engine caused a slight jerk or speed up of the truck but was a usual and proper method of driving a truck and did not constitute negligence on the part of the defendant. The trial court concluded that a directed verdict in favor of the defendant was inevitable on a trial of the action.

█ There appears to be complaint raised in plaintiff's brief on this appeal concerning the procedure adopted by the trial court at the pretrial conference. The record shows that plaintiff made no objection to this procedure consisting of requiring the parties to produce witnesses to testify and requiring the presence of persons authorized to discuss settlement of the case. In view of the failure of plaintiff to object, we are not authorized to consider any error in this respect as reversible. Little v. Whitehouse, Ky., 384 S.W.2d 503, and Loew, Adm'x of Cundiff, deceased, v. Allen, Adm'r of Allen, deceased, Ky., 419 S.W.2d 734 (decided October 6, 1967).

If we were authorized to consider the matter, while we cannot say it would be prejudicial in all instances, we feel compelled to say that in many given instances, such procedure at a pretrial conference might well constitute reversible error.

The function of a pretrial conference under CR 16 is not to compel litigants to try their cases any more than it is the function of a motion for summary judgment under CR 56 to compel such trial.

The pretrial conference is a useful procedural device important in many cases to accomplish the refinement of issues, the elimination of nonessential proof, and to expedite the actual trial of the action.

The problem of the extent to which a trial court in conducting a pretrial conference may encourage settlement of an action is a delicate one which has been the subject of much discussion, many articles, and divergent views.

██ In view of the fact that we are not authorized in the instant case to consider the alleged error as a cause for reversal, it should suffice here to say that generally we do not approve the attendance of witnesses and the taking of testimony at a pretrial conference, nor do we believe that the pretrial conference should be used as a device to compel settlement of actions or give overemphasis to the matter of settlement. For an excellent discussion and evaluation of the pretrial conference as a procedural device under our present system of notice pleading accompanied by discovery procedure, see Rosenberg, The Pretrial Conference and Effective Justice, (Columbia University Press, 1964).

For purposes of disposition of this appeal, there is a single issue for decision, which is, should summary judgment have been granted in this case?

■ The proper scope of the remedy of summary judgment in negligence cases has been a subject of frequent consideration by this court. Upon defendant's motion for summary judgment, if a prima facie showing of nonliability is made, the plaintiff in a negligence case must show in some way that there will be evidence upon the trial to create a genuine issue of fact; it is also true that caution should be exercised in granting summary judgment in negligence cases because determination of the issues of fact of negligence and contributory negligence depends upon the application of the standard of care of an ordinarily prudent man, which changes as the facts and circumstances of the individual case affect the degree of care to be applied. Payne v. B-Line Cab Co., Ky., 282 S.W.2d 342, and Morton v. Allen Construction Co., Ky., 416 S.W.2d 733.

■ In determining whether or not a genuine issue of material fact exists, all doubts must be resolved against the movant for summary judgment. Spencer et al. v. Leone et al., Ky., 420 S.W.2d 685 (decided September 26, 1967).

In the recent case of Roberts, Adm'r of the estate of William Roberts, v. Davis et al., Ky., 422 S.W.2d 890 (decided October 6, 1967), a situation somewhat analogous to the case at bar was presented, although distinctions exist. In the Roberts case, a seventeen-year-old boy undertook to ride on top of baled hay in the back of a truck. There was evidence that the driver's parents owned the truck. The defendant was engaged in hauling this baled hay and in loading it. There was evidence that the defendant tied the bales of hay and knew that the boy was riding on top of the load. While the defendant was operating the truck, the hay fell carrying the boy with it, and as a result of the injuries received, the boy was killed. The trial court dismissed an action for wrongful death filed on behalf of the deceased minor by means of summary judgment. This court reversed that determination and held that the absence of an explanation as to what caused the hay to fall created a rebuttable inference of negligence on the part of the defendant.

The court further held that the question of the contributory negligence of the decedent minor was for determination by the trier of fact, applying to the deceased minor the standard of care of a seventeen-year-old boy under such circumstances as set forth in the opinion in that case. This opinion further pointed out that the doctrine of assumption of risk had been abolished in this jurisdiction and that the doctrine of last clear chance did not apply under the facts presented.

In the instant case the plaintiff is an adult, and he actively assisted in loading the hay which was not tied. We might, therefore, have difficulty in concluding that the situation here presented was one which, in common human experience and in the ordinary course of events, does not happen in the absence of negligence thus permitting us to say that the fact of the occurrence itself constituted sufficient circumstantial evidence of negligence as to make an inference of negligence possible. But, there is evidence in this case which was not present in the Roberts case in that there is evidence here that the defendant, in the operation of the vehicle, knowing the hay was not tied and knowing the plaintiff was riding on top of it, clutched the truck and accelerated the engine causing the truck to jerk or lurch forward.

■ We conclude that certainly, as a matter of applying the proper test under a motion for summary judgment, this evidence could cause reasonable men to infer that the defendant failed to exercise ordinary care in his manipulation and operation of the vehicle under these circumstances. Therefore, we conclude that insofar as the trial court's action was based upon the proposition that the defendant was not negligent is concerned, it is erroneous. We feel there is sufficient doubt here presented

to warrant a trial on the merits as to this genuine issue of a material fact.

 Even though in error on that point, the trial court's disposition of the matter yet could be held correct if the showing on the motion for summary judgment demonstrated conclusively that plaintiff was contributorily negligent as a matter of law. Morton v. Allen Construction Co., Ky., 416 S.W.2d 733.

 The reasonableness of the plaintiff's conduct on the occasion in question is to be determined by application of the standard of care of the ordinarily prudent person under like or similar circumstances. It is a different standard from that imposed upon the plaintiff in the Roberts case, who was a seventeen-year-old boy.

Our research discloses an annotation in 44 ALR2d 238, in which cases from other jurisdictions concerning the issue presented are collected. Our review of the cases collected therein convinces us that it is generally held under factual situations very closely similar to those presented by the instant case, that the plaintiff's contributory negligence is one to be determined by the trier of fact, and not to be disposed of by declaring it contributory negligence as a matter of law.

 The prevailing view that the question of contributory negligence of the plaintiff is to be considered one of fact rather than of law appears to be particularly applicable in this instance where the question arises on motion for summary judgment. We must remember that if there is sufficient doubt about the matter, such doubt must be resolved against the movant. It may well be that the conduct of the plaintiff contributed to furnishing a situation or condition of danger, but it is also true that the alleged act of negligence of the defendant occurred at a time after the plaintiff had committed himself and the alleged act of negligence by the defendant was in the manipulation and operation of the vehicle. If it is believed by the trier of fact that the defendant committed such act of negligence, then such conduct on the part of the defendant increased the plaintiff's danger or created a new danger and constituted an unforeseen and unanticipated act so far as the plaintiff was concerned, and under this state of facts the plaintiff would not be barred from recovery. Hence, the least we may say is that there is sufficient doubt about the matter so that the doubt must be resolved against the movant for summary judgment. Nepstad v. Randall, S.D., 152 N.W.2d 383.

We do not speculate as to the ultimate question of liability or nonliability, nor do we even say that a situation might not develop upon a trial of the action in which a directed verdict in favor of one party or the other might not be proper. We confine ourselves to the issue presented and hold that summary judgment under the facts presented by this record was erroneous.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.