Jefferson D. **TILLERY**, Appellant,

v.

**LOUISVILLE AND NASHVILLE RAIL-
ROAD COMPANY**, Appellee.

Court of Appeals of Kentucky.

Nov. 1, 1968.

Armer H. Mahan, Louisville, for appellant.

Marvin D. Jones and Eugene W. Herde, Raymond O. Harmon, Louisville, for appellee.

NOLAN CARTER, Special Commissioner.

On May 22, 1965, the date of the accident out of which this law suit arises, appellant, Jefferson D. Tillery, was employed by Dealers Transport Company as a truck driver. This company, among other activities, delivered Ford automobiles assembled at the Ford Motor Company plant in Jefferson County, Kentucky, to a gathering point owned, operated and maintained by appellee, Louisville and Nashville Railroad Company, in Louisville, Kentucky, for shipment to dealers in various parts of the country. The cars were transported from the Ford plant to the L & N yard upon special trailers or carriers built for that purpose. The carrier operated by appellant accommodated four automobiles which were carried on two levels. The majority of the cars delivered from the Ford plant to the L & N yard, including those being delivered by appellant upon the occasion when the accident occurred, were delivered at night.

The cars in transportation are chained to the framework of the carrier, front and back. In order to release the cars when unloading it is necessary to unhook these chains. To reach the chains at the front of the carrier, Tillery had to inch or sidle along a narrow strip of the frame of the carrier (about two and a half inches wide). There is very little clearance between this strip and the side of the automobile.

In performing this maneuver, appellant bumped the car and lost his balance. There was nothing that he could seize to

regain his balance, so he jumped from the frame of the carrier to the surface of the yard, fracturing his left leg in thirty places.

Appellant testified that the lighting at the dock where the cars were unloaded was inadequate, so that the left side of the carrier along which appellant was moving, and the asphalt surface at the place where appellant jumped, were in deep shadow; that L & N had erected a pole upon which lights were to be placed to improve the lighting, but at the time of the accident the lights had not been installed.

When asked what caused him to lose his balance, appellant replied:

"That, I mean, really deep down in my heart I don't know. Now, I do know I picked this left foot up. Whether I picked it up and set it down, whether it was slippery or not, I can't say, or whether—but it would just be hard to say."

When asked how the darkness had anything to do with his fall, appellant said:

"Well, if that dock had been lighted like the Ford dock, I could have been on timing when I hit this asphalt. I am not saying I wouldn't have broken my leg or sprained my ankle or what not, but I do say that if it had the proper lighting that I could have hit flat on both feet and rolled out of it very easily."

Appellee, relying on appellant's deposition, moved the court for summary judgment upon the ground that there was no genuine issue as to any material fact, and that appellee was entitled to judgment as a matter of law because (1) there was no evidence of any negligence on the part of appellee which was a proximate cause of the accident, and (2) that in any event, appellant was guilty of contributory negligence as a matter of law.

The court sustained this motion and granted appellee a summary judgment. From this judgment, Tillery has appealed.

Appellant was the only witness to the accident so that the question of whether appellee's negligence, if any, was a proximate cause of the accident turns upon appellant's testimony given in his deposition.

On motion for summary judgment, in determining whether or not a genuine issue as to any material fact exists, all doubts must be resolved against the movant for summary judgment. Gullett v. McCormick, Ky., 421 S.W.2d 352. Appellant testified that appellee failed to provide adequate lighting at the unloading dock, and upon this appeal from a summary judgment, we will assume this to be true. But whether the failure to provide proper lighting is material to a determination of the case depends upon the question of causation.

It is elemental that the negligence of a defendant must be *a proximate cause* of the accident before liability attaches. Michael v. United States, 338 F.2d 219; Riley v. Burgess, Ky., 410 S.W.2d 712.

In Hines v. Westerfield, Ky., 254 S.W. 2d 728, in which there is a full discussion of what does or does not constitute proximate cause, it is said:

"If the original negligent act set in force a chain of events which the original negligent actor might have reasonably foreseen would, according to the experience of mankind, lead to the event which happened, the original actor is not relieved of liability by the intervening act. If, however, the ultimate injury is brought about by an intervening act or force so unusual as not to have been reasonably foreseeable, the intervening act is considered as the superseding cause and the original actor is not liable."

In Hooks v. Cornett Lewis Coal Co., 260 Ky. 778, 86 S.W.2d 697, plaintiff, while walking along a mine entry, slipped and fell, injuring his hand on an electric pump. His claim was that the defendant was liable because it failed to provide a guard rail around the pump. The court ruled that the

pump to which he confined his allegations of negligence was not the proximate cause but the remote cause of his injury. See also Trauth v. Mackin Counsel No. 205, Young Men's Institute, 179 Ky. 137, 200 S.W. 338, where plaintiff fell and his left eye was injured when his head struck a bolt protruding from a board stored in the room. The court held that the proximate cause of the injury was the fall which was not caused by anything in the room, and that the presence of the board was not a proximate cause of the accident.

Appellant relies upon the following language in Parker v. Redden, Ky., 421 S.W. 2d 586, as establishing that the inadequate lighting constituted a proximate cause of appellant's injury:

"Our cases quite clearly establish the proposition that if the consequences that grow out of a negligently created "condition" are natural and probable (foreseeable), the fact that negligent conduct of another person is involved does not exonerate from liability the person who negligently created the condition—his negligence is a concurring cause."

This statement of the rule on what constitutes proximate cause makes no departure from the rule as set forth in Hines v. Westerfield, supra, and in other decisions such as Lexington Country Club v. Stevenson, Ky., 390 S.W.2d 137.

Applying the test of what constitutes proximate cause as set forth in *Hines* to this case, did the original negligent act (failure to properly light the premises) set in force a chain of events which the original negligent actor might have reasonably foreseen would, according to the experience of mankind, lead to the event which happened?

It is clear from the testimony of Tillery that the failure of L & N to properly light the premises did not set in force a chain of events which culminated in his being forced to jump from the carrier. By his testimony, he admits that the shadows did not cause him to lose his balance, though he testified that the darkness prevented him from properly timing his leap. Had Tillery's testimony been that *because* of the darkness he missed his footing and was forced to jump, then the failure of appellee to adequately light the premises may have been a proximate cause of his accident; but even then there is doubt of whether such a result might have been reasonably foreseen.

We conclude that the inadequate lighting was a condition, but not a proximate cause of appellant's accident.

Having reached this conclusion, it becomes unnecessary to explore the question of whether appellant was contributorily negligent.

The judgment is affirmed.

All concur.