**Anil K. SHAH, Movant,**

v.

**AMERICAN SYNTHETIC RUBBER CORPORATION, Gene Trott and Thomas N. Lamb, Respondents.**

Supreme Court of Kentucky.

Aug. 31, 1983.

Allen P. Dodd, III, Dodd & Dodd, Louisville, for movant.

Matthew R. Westfall, Charles Laurence Woods, III, David B. Sandler, Baird, Kirven, Westfall & Talbott, Louisville, for respondents.

MORTON HOLBROOK, Special Justice.

The principal issue in this case is whether the trial court erred in entering summary judgment against movant (plaintiff below) in the middle of discovery depositions in an action for breach of contract and defamation. We find genuine issues as to material facts on both counts; summary judgment therefore should not have been granted on either count.

Respondent, American Synthetic Rubber Corporation (ASRC), employed movant, Anil K. Shah (Shah), as a chemical engineer on January 3, 1978, and discharged him on May 8, 1979. Thereafter, Shah brought this suit for damages against ASRC for breach of his employment contract and against ASRC and two of its employees for defamation.

*The Contract Count*

Shah charged that ASRC fired him without cause in violation of a contract that he could be fired only for cause in accordance with policies and procedures established by ASRC for employees similarly situated. He sought reinstatement and back pay as well as other relief. ASRC denied these allegations and relied on affirmative defenses of the statute of frauds, that Shah was indeed discharged for cause, and that he was employed for an indefinite period of time, thus rendering his employment terminable at will.

The trial court sustained ASRC's Motion for Summary Judgment on this count, supporting its judgment with a finding that Shah's employment was "not for a definite period and was terminable at will by either party". The Court of Appeals affirmed this judgment on the contract count, relying on *Edwards v. Kentucky Utilities Co.*, 286 Ky. 341, 150 S.W.2d 916 (1941), construing the contract as one for employment at will which ASRC could terminate without liability.

The duration of an employment contract must be determined by the circumstances of each particular case, depending upon the understanding of the parties as ascertained by inference from their written or oral negotiations and agreements, the usage of business, the situation and objectives of the parties, the nature of the employment, and all circumstances surrounding the transaction. *Putnam v. Producers' Live Stock Marketing Ass'n.*, 256 Ky. 196, 75 S.W.2d 1075, 1076 (1934). These considerations will govern the fact finders when they set about determining the precise contract between Shah and ASRC. In passing on ASRC's motion we accept Shah's version of disputed facts and draw all inferences in his favor to the exclusion of the contradictory testimony and inferences urged by ASRC. Cf. *Tillery v. Louisville & N.R. Co.*, Ky., 433 S.W.2d 623, 624 (1968).

Shah's college training was in Maharaja Sayasiran University and Bombay University in India, and in Iowa State University, Oklahoma State and Illinois Institute of

Technology in this country. He holds a Bachelor's Degree in Chemical Engineering from Iowa State. At the time of the negotiation of the ASRC contract he had worked eleven years with Monsanto Corporation at St. Louis, Missouri. In a tendered but unfiled amendment to his complaint Shah claimed that he surrendered substantial accumulated fringe benefits—stock purchase, retirement, savings, life insurance and dental plans—to accept employment with ASRC. He attributed to ASRC various sales pitches—relocation, a better employment opportunity and a contract under which Shah would serve a 90-day probationary period during which ASRC could discharge him for any cause whatsoever, but after which he would become a permanent employee dischargeable only for cause in accordance with personnel policies and procedures established by ASRC. A number of employees with service in excess of twenty years were pointed out as examples of how ASRC treated its employees and as exemplifying company policy that they could be discharged only for cause.

"For cause" was defined by ASRC's personnel manager as "something like work connected performance, insubordination, violation of policy or rules, or lack of work". Whether the personnel manager was expressing an individual opinion or company policy is not clear from the discovery deposition, and we draw the inference most favorable to Shah.

There is no room in the limited language, facts and circumstances which we consider on this motion for summary judgment for a finding that the parties intended an employment contract that ASRC could fire Shah at will. It is highly unlikely that two such sophisticated parties acting under these circumstances would use current language of labor management relations to incorporate the master-servant "at will" employment of the last two centuries. We are not relegated to peripheral inferences to determine whether the parties intended ASRC to have the right to fire Shah without cause after he survived the probationary period. The parties contracted specifically against such firing. If ASRC has the right to fire Shah without cause, it must be despite their expressed intent, the surrounding circumstances, their mutual purposes, the usages of business, and because some rule of law strikes down their agreement.

Shah's allegations and proof of a covenant for "permanent employment", without more, would be fatally defective under the "employment at will" doctrine to which the courts and law writers have devoted much time. See cases collected in 60 A.L.R.3d 226, *"Employment at Will vs. Individual Freedom: On Limiting the Abusive Exercise of Employer Power"*, 67 Colum.L.Rev. 1404 (1967); *"Protecting at Will Employees Against Wrongful Discharge: The Duty to Terminate Only in Good Faith"*, 93 Harv.L. Rev. 1816 (1980); *"Limiting the Right to Terminate at Will—Have the Courts Forgotten the Employer"*, 35 Vand.L.Rev. 201 (1982).

In Kentucky a contract for "permanent employment", without consideration in addition to services to be performed by the employee and wages to be paid by the employer, permits either party to terminate the employment at will. *Edwards v. Kentucky Utilities Co.*, 286 Ky. 341, 150 S.W.2d 916 (1941). *Edwards* is one of many cases in this jurisdiction holding that employment for an indefinite period of time may be terminated by either party at will. E.g. *Louisville & N.R. Co. v. Offutt*, 18 Ky. 303, 36 S.W. 181 (1896). This rule is not circumvented by labeling the term of employment as "permanent", "employment as long as the employee does honest and faithful work" or "employment as long as he performs his duties in a successful or satisfactory manner." *Clay v. Louisville & N.R. Co.*, 254 Ky. 271, 71 S.W.2d 617, 619 (1934).

Shah seeks enforcement of a covenant beyond one for permanent employment or employment for an indefinite term. He seeks relief for breach of ASRC's covenant that if he survived the 90-day probationary period he could be fired only for cause—work-connected cause—in accordance with the policies and procedures of the company.

Here the parties fixed the term of Shah's employment—employment until he was fired for cause in accordance with the policies and procedures of the company. Enforceability of this covenant in a contract between an employer and an individual employee has not heretofore been decided in this jurisdiction.

■ Protection of employees against discharge without cause is routinely provided under collective bargaining agreements as well as under civil service statutes and ordinances. See cases and statutes collected in 93 Harv.L.Rev. 1816, 1816, n. 1 (1980). It is there estimated that one-third of the entire national work force is accorded such protection. Employers and individual employees should be equally free to contract against discharge without cause, as Shah and ASRC are presumed for purposes of ASRC's motion for summary judgment to have done. We join a number of other jurisdictions which hold that parties may enter into a contract of employment terminable only pursuant to its express terms—as "for cause"—by clearly stating their intention to do so, even though no other considerations than services to be performed or promised, is expected by the employer, or performed or promised by the employee. E.g. *Littell v. Evening Star Newspaper Co.,* 120 F.2d 36, 37 (D.C.Cir.1941). See also *Rowe v. Noren Pattern & Foundry Co.,* 91 Mich.App. 254, 283 N.W.2d 713 (1979); *Drzewiecki v. H & R Block,* 101 Cal.Rptr. 169, 24 Cal. App.3d 695 (1972).

The language used by the U.S. Court of Appeals for the District of Columbia in *Littell v. Evening Star Newspaper Co., supra,* to distinguish a line of cases similar to *Edwards v. Kentucky Utilities Co., supra,* is equally applicable here:

> If it is their purpose, the parties may enter into a contract for permanent employment—not terminable except pursuant to its express terms—by stating clearly their intention to do so, even though no other consideration than services to be performed is expected by the employer or promised by the employee. The meaning of the cases previously re-

ferred to is that where no such intent is clearly expressed and, absent evidence which shows other consideration than a promise to render services, the assumption will be that—even though they speak in terms of "permanent" employment—the parties have in mind merely the ordinary business contract for continuing employment, terminable at the will of either party.

*Littell v. Evening Star Newspaper Co., supra* at 37.

■ Whether Shah's employment contract contained a "termination for cause only" covenant or whether he was fired in accordance with company policies and procedures for one or more of the many causes alleged by ASRC cannot be resolved against him on ASRC's Motion for a Summary Judgment. *Murphy v. Taxicabs of Louisville, Inc.,* Ky., 330 S.W.2d 395 (1959). These issues must be resolved on a motion for a directed verdict or upon a jury verdict after a plenary trial on the merits and after application of the good faith standard established in *Crest Coal Company, Inc. v. Bailey,* Ky., 602 S.W.2d 425 (1980).

## The Defamation Count

Shah charged respondents defamed him by stating that he was intolerant and prejudiced toward management personnel and had expressed derogatory opinions of management to members of the labor union, causing management to be held in contempt and subject to ridicule. In his tendered but unfiled amendment he added the claim that the respondents charged him with being a spy for Michelin Rubber Corporation. He sought compensatory and punitive damage as well as an injunction against continued publication.

ASRC denied these allegations and asserted truth and privilege as affirmative defenses. The trial court found the alleged defamatory statements were privileged, and that Shah failed to show that the statements were untrue or malicious. The Court of Appeals reversed, finding that there was a genuine issue of fact concerning malice, which, if proved, would deprive respondents

of the qualified privilege. See *Holdaway Drugs, Inc. v. Braden,* Ky., 582 S.W.2d 646 (1979).

■ The Summary Judgment entered by the trial court was proper only in the absence of a genuine and material issue of fact concerning the qualified privilege. *Murphy v. Taxicabs of Louisville, Inc., supra.* Shah asserts the statements were uttered with malice and introduced the testimony of Ray Sword, a Recovery Operator at ASRC, to support his allegation. Respondents deny any malice, raising an issue of fact. The issue of malice is material since the qualified privilege would be lost if the statements were published with malice. *Holdaway Drugs, Inc. v. Braden, supra,* at 649.

We concur with the opinion of the Court of Appeals that Shah's proof of malice establishes a genuine issue as to abuse of the qualified privilege.

■ This case contains numerous difficult questions of law and fact. In determining whether a genuine issue as to any material fact exists, all doubts must be resolved against the movant. *Tillery v. Louisville & N.R. Company,* Ky., 433 S.W.2d 623, 624 (1968), citing *Gullett v. McCormick,* Ky., 421 S.W.2d 352 (1967). These questions should not have been decided in the middle of discovery and prior to trial on the merits.

■ The trial court should have allowed the tendered amendment to the complaint. It is scarcely more than an embroiderment on the original charges. C.R. 15.01 requires that such leave "should be freely given when justice so requires". There is no suggestion that the filing of this pleading could prejudice respondents nor is there any indication that the filing of the amended complaint would work an injustice. Upon remand Shah should be allowed to file his amended complaint. *Ashland Oil & Refining Company, Inc. v. Phillips,* Ky., 404 S.W.2d 449, 451 (1961). He also should be permitted to complete reasonable discovery.

The decision of the Court of Appeals is reversed in part and affirmed in part; the judgment of the Jefferson Circuit Court is reversed and the cause is remanded to the Circuit Court for trial on the merits on all counts in accordance with this opinion.

STEPHENS, C.J., AKER and LEIBSON, JJ., and MORTON HOLBROOK, Special Justice, concurring.

STEPHENSON and WINTERSHEIMER, JJ., and WOODARD C. TIPTON, Special Justice, dissenting.

STEPHENSON, J., files herewith a dissenting opinion.

STEPHENSON, Justice, dissenting.

I dissent from the majority opinion for the reason that I am of the opinion that we should not adopt the rule that the consideration of services to be performed is sufficient alone to avoid the "terminable at will" rule of law. Under the facts of this case, no "cause" was necessary to terminate the contract of employment.