**Kiran K. SHAH, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, Defendant.**

No. C 83–0654–L(B).

United States District Court,
W.D. Kentucky,
at Louisville.

April 12, 1988.

James C. Hickey, Louisville, Ky., for plaintiff.

Edwin Hopson, Earl F. Jones, Jr., Counsel, Group Labor Relations, General Elec., Louisville, Ky., for defendant.

## MEMORANDUM

BALLANTINE, District Judge.

The plaintiff, Kiran K. Shah (Shah), brought this action against the defendant, General Electric Company (GE), alleging unlawful employment discrimination on the basis of color and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a) and the Civil Rights Act of May 31, 1870, 42 U.S.C. § 1981. Shah also asserted pendent state law claims based on Kentucky's Civil Rights Act, KRS Chapter 344, and breach of a contract of employment. Shah specifically complained that he was fired without "just and sufficient cause" in spite of a contract which provided he could be fired only for cause and in accordance with policies and procedures set forth in GE's Organization and Policy Guide.

This Court subsequently granted GE's motion for summary judgment against Shah on all counts. The discrimination claims were dismissed for failure to state a *prima facie* case. The breach of employment contract claim was dismissed because this Court found that, under Kentucky law, Shah was an employee at will and therefore could be terminated by GE, "for good cause, for no cause, or for a cause that some might view as morally indefensible." *Grzyb v. Evans,* 700 S.W.2d 399, 400 (Ky. 1985), quoting *Firestone Textile Co. Div. v. Meadows,* 666 S.W.2d 730, 731 (Ky.1983), and noting that "the 'terminable at will' doctrine [is] a longstanding corollary to mutuality of contract."

The Court of Appeals affirmed summary judgment on Shah's discrimination claims. However, the portion of the judgment dismissing Shah's state law claim for breach of a contract of employment was reversed and remanded for a determination of whether Kentucky recognizes a cause of action for breach of an implied contract to discharge only for cause. 816 F.2d 264. GE has again moved for summary judg-

ment against Shah on the remaining contract claim.

It has long been the rule in Kentucky that "a contract for permanent employment which is not supported by any consideration other than the obligation of services to be performed on the one hand and wages to be paid on the other is a contract for an indefinite period, and, as such, is terminable at the will of either party." *Edwards v. Kentucky Utilities Co.,* 286 Ky. 341, 150 S.W.2d 916 (1941).

In 1983, the Kentucky Supreme Court created an exception to the established "employment at will" doctrine. The plaintiff in *Shah v. American Synthetic Rubber Corp.,* 655 S.W.2d 489 (Ky.1983), was a highly educated and experienced chemical engineer whom the defendant had actively recruited as an employee. The plaintiff, Anil Shah, charged that he was fired without cause in violation of certain express terms of an otherwise implied contract for permanent employment. These express terms consisted of: (1) an oral statement by American Synthetic's personnel manager, defining, in detail, the work-related causes which would constitute grounds or cause to dismiss an employee, and (2) written policies and procedures established by the defendant and applicable to "employees similarly situated" to plaintiff. In return, the plaintiff agreed to undergo a 90–day probationary period during which he could be discharged for "any reason whatsoever." *Shah v. American Synthetic* at 491. The plaintiff's employment was terminated after the 90–day probationary period.

The Court held that the plaintiff's submission to and survival of the probationary period was sufficient consideration to support a finding that the contract was one for a "fixed term" of employment, not susceptible to termination at the will of the employer, even though plaintiff's only duty during the probationary period was to perform services for the defendant.

"[Plaintiff] seeks relief for breach of ASRC's covenant that if he survived the 90–day probationary period he could be fired only for cause—work-connected cause—in accordance with the policies

and procedures of the company. Here the parties fixed the term of Shah's employment—employment until he was fired for cause in accordance with the policies and procedures of the company."

*Id.* at 492.

Pursuant to GE's motion for summary judgment, the key issue is whether the circumstances surrounding the implied contract for permanent employment between GE and Kiran Shah, when viewed in the light most favorable to the plaintiff, creates a genuine issue of material fact which would allow a finding that the contract falls within the exception set out in *Shah v. American Synthetic Rubber, supra.* Fed. R.Civ.P. 56.

Kiran Shah began employment with GE on April 1, 1980, as a Manager of Business Development and Planning for the Air Conditioning Business Division (ACBD). During discovery, Shah testified that in early April, after his employment had begun, he expressed to certain supervisors at GE, his apprehensions concerning upcoming organization changes and was told, "you do not have to worry about it, because you will be judged on merit, regardless of who your boss is." In contrast to the plaintiff in *Shah v. American Synthetic,* Kiran Shah cannot claim the above statement was part of protracted employment negotiations or that it was relevant to his acceptance of the position at GE. The statement simply does not amount to an express contactual promise. In later testimony, Shah asserts that he expressed the same fear in February and was given a similar answer.

In order to modify the at will doctrine, the employer must make a specific promise on which the employee relies *and* there must be mutuality of obligation. *Shah v. American Synthetic Rubber, supra.* Assuming the facts as stated by Shah, the February statement does not constitute an express and enforceable provision of his implied contract for permanent employment because of the lack of any special consideration passing from Shah to GE.

GE directs its argument for summary judgment to the inapplicability of the Organization and Policy Guide to the employees of ACBD, and thus to Shah. Shah contends that the personnel guide does indeed apply to him. The manual does not expressly limit discharge of an employee only to "just and sufficient cause." It does set forth certain guidelines for managers in dealing with employees who do not perform their duties in a satisfactory manner. These guidelines, in the absence of a fixed term of employment, or express contractual promises on the part of the employee and the employer, cannot modify or prove an exception to the "employment at will" doctrine. *See Edwards v. Kentucky Utilities, supra; Shah v. American Synthetic Rubber, supra; Nork v. Fetter Printing Co.,* 738 S.W.2d 824 (Ky.App.1987).

The motion of the defendant, General Electric Company, for summary judgment against the plaintiff, Kiran Shah, will be granted.

An appropriate order has been entered this 11th day of April, 1988.