**Shawn WORDEN, Plaintiff,**

v.

**LOUISVILLE AND JEFFERSON COUNTY METROPOLITAN SEWER DISTRICT, Defendant.**

Civ. A. No. 92–0324–L(CS).

United States District Court,
W.D. Kentucky,
Louisville Division.

March 22, 1994.

James E. Fifer, Fifer & Ingle, New Albany, IN, for plaintiff.

Laurence John Zielke and Frank G. Simpson, III, Pedley, Ross, Zielke, Gordinier & Porter, Louisville, KY, for defendant.

## MEMORANDUM OPINION

SIMPSON, District Judge.

By order dated January 28, 1994, we granted summary judgment in this case to defendant, Louisville and Jefferson County Metropolitan Sewer District ("MSD"). Our reasoning was twofold. First, plaintiff, Shawn Worden, failed to respond to MSD's motion for summary judgment. Second, review of the merits led to the conclusion that defendant was entitled to judgment as a matter of law.

Plaintiff now moves this court to reconsider and vacate the above mentioned order. Along with his motion to reconsider, plaintiff has filed a response to defendant's summary judgment motion. Having reviewed all relevant memoranda, we issue the following opinion based solely upon the merits of the underlying action. This memorandum shall supplement our order of January 28, 1994.

## I

Plaintiff was hired as a supervisor in the Maintenance Department of MSD in 1987. His initial employment status was that of an "at-will" employee. At the time he was hired, plaintiff was given a "Code of Conduct of Officers, Employees and Agents of MSD." This code provided that disciplinary action, including discharge, would be taken against any officer, employee or agent of MSD who participated in political activities in violation of the Hatch Act.

In July of 1991, plaintiff was approached by individuals in his hometown of Georgetown, Indiana concerning the possibility of his running for Town Council. On July 15, plaintiff questioned his supervisor about whether he was prohibited from running for office. Plaintiff was informed he needed to contact MSD's legal department. Plaintiff subsequently contacted and talked to Sheila Wachsman, assistant legal counsel at MSD.

Exactly what transpired next is unclear. MSD contends Ms. Wachsman informed plaintiff that if he ran for office and was elected, he would be terminated. Plaintiff states that Ms. Wachsman told him that she and Dan Kincaid were researching the issue, and that "Dan would be back with [plaintiff] tomorrow to give [plaintiff] a definitive answer." Upon his inquiring as to the identity of Kincaid, plaintiff claims he was never informed Kincaid was merely a law clerk. In fact, plaintiff asserts he was given every reason to believe Kincaid was a MSD attorney. Plaintiff alleges Kincaid called the following day to inform him he could "go ahead and run for office."

Plaintiff then ran for the Georgetown Town Council on the Democratic ticket and was elected on November 5, 1991. He subsequently was terminated from his position at MSD for violating MSD's code of conduct and the Hatch Act.

Plaintiff concedes he was originally hired on an "at-will" basis. It is his contention,

however, that his at-will employment contract was orally modified pursuant to his conversation with Kincaid. He claims the net effect of this conversation was that MSD impliedly promised not to terminate him for running for the Town Council position. Further, he asserts this created in him a property interest in his employment, meaning MSD was obligated to provide him with notice and an opportunity for hearing before his termination.

## II

■ The due process clause requires that, prior to termination, a public employee, with a property interest in his or her public employment, be given notice of the charges against him or her, an explanation of the employer's evidence, and an opportunity to present his or her side of the story. *Buckner v. City of Highland Park*, 901 F.2d 491 (6th Cir.1990). Contrarily, an at-will employee may be terminated at any time, with or without notice or cause. *Grzyb v. Evans*, 700 S.W.2d 399, 400 (Ky.1985); *Shah v. General Elec. Co.*, 697 F.Supp. 946, 947 (W.D.Ky. 1988). Our initial inquiry, therefore, must be whether plaintiff's at-will employment contract was modified to the extent that he obtained a property interest in his public employment.

■ A public employee's property interest in continued employment does not emanate from public employment itself. *Willoughby v. Village of Dexter*, 709 F.Supp. 781, 784 (E.D.Mich.1989). Rather, a public employee must be able to point to some statutory or contractual right conferred by the state which would be violated by termination. *Id.* In Kentucky, an at-will employment relationship can be modified only if the employer clearly states an intention to do so. *Hines v. Elf Ato–Chem North America, Inc.*, 813 F.Supp. 550, 552 (W.D.Ky.1993); *Shah v. General Elec. Co.*, 697 F.Supp. 946, 947 (W.D.Ky.1988); *York v. Fetter Printing Co.*, 738 S.W.2d 824 (Ky.App.1987); *Shah v. American Synthetic Rubber Corp.*, 655 S.W.2d 489 (Ky.1983).

Although it is disputed as to what statements Kincaid made to plaintiff, if any, we must view all facts in a light most favorable to the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In doing this, we will accept as true the fact that Kincaid told plaintiff he could run for elective office. Accepting this as true, a jury could reasonably conclude Kincaid's statements constituted an intention on MSD's part to modify his at-will employment contract.

■ However, this does not end our inquiry. In Kentucky, a municipal corporation is not bound by statements or contracts entered into by those who lacked authority to do the same. *Louisville Extension Water Dist. v. Diehl Pump & S. Co.*, 246 S.W.2d 585 (Ky.App.1952). The theories of implied contract and apparent authority are also inapplicable to municipal corporations. *Louisville Extension Water Dist. v. Sloss*, 236 S.W.2d 265 (Ky.App.1951). In the case of *City of Princeton v. Princeton Electric Light & Power Co.*, 166 Ky. 730, 179 S.W. 1074, 1079 (1915), it was said:

... The persons who contract with municipal corporations must, at their own peril, know the rights and powers of the officers of such municipalities to make contracts and the manner in which they must make them. Any other rule would destroy all the restrictions which are thrown around the people of municipalities for their protection by the statute laws and the constitution, and would render abortive all such provisions. The rule in certain instances may be harsh, but no other is practical.

*Id.* 179 S.W.2d at 1079.

■ Thus, plaintiff's argument eventually fails. Regardless of what transpired between plaintiff and Kincaid, it is undisputed Kincaid was a mere law clerk with no authority to bind MSD.

■ The Hatch Act also supplies us with a reason why we cannot uphold the alleged contract modification. The Hatch Act expressly prohibits "a state or local officer or employee" from becoming a candidate for elective office. 5 U.S.C. § 1502(a)(3). A "state or local officer or employee" is defined as "an individual employed by a state or local agency whose principal employment is in

connection with an activity which is financed in whole or in part by loans or grants made by the United States or a Federal agency...." 5 U.S.C. § 1501(4).

Plaintiff was a supervisor in the Sewer Drainage Department, which was financed in part by federal funds. Plaintiff also supervised employees who worked in connection with federal funds. This subjected plaintiff to Hatch Act restrictions, which in turn prohibited him from becoming a candidate for public office in a partisan election. 5 U.S.C. § 1501 *et seq.* (*See also* opinion of U.S. Office of Special Counsel dated Mar. 3, 1992 agreeing with conclusion that plaintiff was covered under provisions of the Hatch Act.)

Plaintiff's theory is that MSD agreed not to terminate him for running for political office, *i.e.,* MSD agreed not to terminate him for violating a federal statute. Public policy prohibits enforcement of a contract that contemplates a violation of the law. *Zeitz v. Foley,* 264 S.W.2d 267 (Ky.App.1954).

Therefore, defendant is entitled to summary judgment for the following reasons: (1) Dan Kincaid had no authority, apparent or otherwise, to bind MSD; and (2) any alleged contract between plaintiff and Kincaid would have violated federal law.

Upon reconsideration of the merits of this action, we find no reason to vacate our previous order granting summary judgment in favor of defendant, MSD.

An order in keeping with this memorandum opinion will be entered this date.

### ORDER

This matter having come before the court on the motion of plaintiff, Shawn Worden, to reconsider this court's order of January 28, 1994, granting summary judgment to defendant, Louisville and Jefferson County Metropolitan Sewer District, and the court having considered said *motion,* and being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that the motion is **DENIED.**

There being no just reason for delay in its entry, this is a final order.