George R. BAKER, Plaintiff–Appellant,

v.

KENTUCKY STATE UNIVERSITY; George W. Ried, Dr., Officially as President and Individually; Mary L. Smith, Officially as past President and Individually; Gus T. Ridgel, Officially and Individually; George H. Helton, Officially as a Member of the Board of Regents and Individually; Morris A. Howard, Officially as a Member of the Board of Regents and Individually; Robert E. Ison, Officially as a Member of the Board of Regents and Individually; Newton McCravy, III, Officially as a Member of the Board of Regents and Individually; Elizabeth Short, Officially as a Member of the Board of Regents and Individually; Valinda E. Livingston, Officially as a Member of the Board of Regents and Individually, Defendants–Appellees.

No. 00–6148.

United States Court of Appeals,
Sixth Circuit.

Aug. 2, 2002.

Before BATCHELDER and CLAY, Circuit Judges;  CARR,* District Judge.

BATCHELDER, Circuit Judge.

Plaintiff–Appellant George R. Baker sued defendant-appellees Kentucky State University ("University"), his former employer, and various officials in their individual and official capacities, alleging that in discharging him, the defendants deprived him of property without due process.  The district court ruled that since Baker did not have a protected property interest in his continued employment he was not entitled to any process prior to the termination of his employment.  We affirm.

## I.

Baker was hired and retained year-to-year by the University on the basis of one-year contracts known as Personnel Action Forms which annually appointed him to the position of police officer.  Each year the University would reappoint Baker for another year with the term of employment to end on June 30th.  One month after Baker's initial employment commenced, the University instituted a Staff Personnel Policy and Procedure Manual (Manual).  The Manual contains a grievance procedure for staff employees.

Because of Baker's involvement in the questionable arrest of a number of students, the University suspended him with pay on August 26, 1997, pending investigation of the incident.  Baker never returned to work because he was not reappointed at the expiration of that year's contract.  Neither did he attempt to file any kind of grievance prior to the expiration of that contract.

Baker sued in the Franklin Circuit Court in Frankfort, Kentucky, on June 23, 1999.  Complaining that the manner in which he was discharged contravened the Manual, Baker brought a 42 U.S.C. § 1983 claim for deprivation of due process and equal protection, in violation of the Fifth and Fourteenth Amendments to the federal Constitution, and a state law claim for violation of Section 2 of the Kentucky Constitution.

The defendants removed the case to federal court, and on August 3, 1999, moved for judgment on the pleadings.  The district court held that Baker's claims against the University and the official capacity suits were barred by the Eleventh Amendment.  The court also dismissed Baker's state law claim as barred by state law immunity arising from Section 231 of the Kentucky Constitution.

On April 18, 2000, the individual defendants moved for summary judgment arguing that they were protected by qualified immunity because Baker had no protected property interest in his employment.  On June 19, 2000, the district court granted the motion for summary judgment, ruling that Baker's claims against the remaining defendants were barred by the statute of limitations.  In the alternative, the district court ruled that summary judgment was appropriate on the independent ground that Baker lacked a protected property interest in his employment.

Baker filed a motion to reconsider the June 19, 2000, order, challenging the district court's conclusion that his claim was barred by the statute of limitations.  On July 24, 2000, the district court granted Baker's motion to reconsider but dismissed the § 1983 claim on the alternative ground

* The Honorable James G. Carr, United States District Judge, for the Northern District of Ohio, sitting by designation.

that Baker had no property interest protected by the Constitution.

Baker argues on appeal that he had a property interest in his position secured by an implied contract which the University breached when it refused to reappoint him without following the grievance procedures in the Manual. Baker also challenges the district court's June 19, 2000, determination that his claim was barred by the statute of limitations.

## II.

We review de novo the district court's order granting summary judgment. *Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997). We view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The moving party need only show that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmovant to point to evidence in the record that could support a jury verdict in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ To succeed in his challenge Baker must first establish that he had a protected property interest in his employment.[1] *Leary v. Daeschner,* 228 F.3d 729, 741 (6th Cir.2000). Without such an interest, Baker was not entitled to any predeprivation

process. *Curby v. Archon,* 216 F.3d 549, 553 (6th Cir.2000).

Property interests are not created by the Constitution but are instead created by state or federal law, or by contract. *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 577–78, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Here, we must look to Kentucky law and any contract, express or implied, that may have granted Baker a property interest in his position. *Curby,* 216 F.3d at 553. Baker has a property interest in his position if he had a "legitimate expectation of continued employment." *Johnston–Taylor v. Gannon,* 907 F.2d 1577, 1581 (6th Cir.1990).

■ Baker has not referred this court to any statutory authority granting him a protected property interest in reappointment to his position. We must therefore look to Kentucky contract law to determine the validity of his claim. In Kentucky, "an employer may discharge an at-will employee for good cause, for no cause, or for a cause that some might view as morally indefensible." *Wymer v. JH Props., Inc.,* 50 S.W.3d 195, 198 (Ky.2001). In *Shah v. Am. Synthetic Rubber Corp.,* 655 S.W.2d 489, 492 (Ky.1983), the Kentucky Supreme Court joined other jurisdictions in holding that "parties may enter into a contract of employment terminable only pursuant to its express terms–as 'for cause'–by clearly stating their intention to do so." *Shah* altered Kentucky's at-will employment contract jurisprudence by al-

---

1. We find no merit in the defendants' claim that Baker failed to raise his implied contract argument in the district court. In his June 5, 2000, memorandum in response to the defendants' April 18, 2000, motion for summary judgment, Baker asserted that he had a protected property interest, the source of which was the Manual, and that he was entitled to a hearing before the University deprived him of that interest. It is also apparent–although

perhaps not well-articulated in the district court–that Baker was arguing from the inception of this action that the Manual conferred upon him both a property interest in his employment and resulting due process rights. In other words, the entire thrust of Baker's due process claim was grounded in the Manual and the rights he claimed it conferred upon him.

lowing an exception to the at-will doctrine for contractual obligations clearly stating the parties' intent to be bound by another standard. The general rule remained that employment contracts were at-will. *Id.* at 491.

Baker relies on language in *Shah* to support his claim that a case such as his, raising the issue of denial of predeprivation due process in the employment context, is not appropriate for summary disposition. The courts of Kentucky have not taken such a broad view of *Shah* and have not shied away from resolving due process issues surrounding employment terminations on summary judgment. *See Noel v. Elk Brand Mfg. Co.,* 53 S.W.3d 95, 99 (Ky.Ct.App.2000) (granting summary judgment because the plaintiff had failed to present a material issue of fact whether there was an employment contract that clearly stated the parties' intent to be bound by a for-cause standard of dismissal).

Baker also erroneously relies on *Shah v. Gen. Elec. Co.,* 816 F.2d 264 (6th Cir.1987). In that *Shah* case, this court, after reviewing Kentucky employment contract law, ruled that there was a material issue of fact as to whether the plaintiff had been discharged in violation of an implied contract not to terminate the plaintiff but for good cause. *Id.* at 272–73. The plaintiff had presented evidence that during preemployment negotiations the employer had shown him the company employment manual and told the plaintiff that the company did not terminate its employees without good cause. *Id.* at 266, 273. This evidence, we said, created a factual issue–unresolvable on summary judgment–as to whether the parties had modified the usual at-will contract.

Here, Baker has presented no evidence of an implied contract. Contrary to his assertions, the Manual does not purport to be a contract between the University and Baker, it does not require that employees on contract for a set term must be reappointed except for cause, and Baker has failed to introduce evidence of an oral representation by the University that the University would decline to reappoint him only for good cause. Each of Baker's contracts was for a single year, and Baker has pointed to no evidence that "the parties specifically manifest[ed] their intention to condition" the renewal of Baker's contract on some standard other than the parties' discretion. *Bailey v. Floyd County Bd. of Educ.,* 106 F.3d 135, 141 (6th Cir.1997). Baker's claim that the Manual placed conditions on the University's ability to decline to reappoint him belies the contract's clear language.

Baker has wholly failed to point this court to an independent source of entitlement to reappointment that would permit us to find that he had a constitutionally protected property interest in a new annual contract. Consequently, we **AFFIRM** the district court's finding that Baker had no property interest in his employment, and that he suffered no deprivation of his right to due process. We need not reach Baker's argument that the district court erroneously dismissed his claim on the basis of the statute of limitations.

## CONCLUSION

Accordingly, we **AFFIRM** the judgment of the district court.