**Andrew G. HUNTER, Appellant,**

v.

**WEHR CONSTRUCTORS, INC., Appellee.**

**No. 92–CA–002104–MR.**

Court of Appeals of Kentucky.

Nov. 19, 1993.

Discretionary Review Denied by Supreme Court June 15, 1994.

Teddy B. Gordon, Louisville, for appellant.

Robert M. Brooks, Robert D. McClure, Boehl, Stopher & Graves, Louisville, for appellee.

Before DYCHE, JOHNSON and STUMBO, JJ.

STUMBO, Judge:

This appeal arises from the termination of the employment of Appellant, Andrew G. Hunter (hereinafter "Hunter"), with Appellee, Wehr Constructors, Inc. (hereinafter "Wehr"). The Jefferson Circuit court granted Wehr's motion for summary judgment on Hunter's claim for wrongful discharge. After reviewing the record and the law, we must reverse and remand.

Hunter interviewed with Wehr on May 17, 1990, for a job as an engineer. Hunter received a verbal offer of employment from Wehr. He verbally accepted. The verbal offer was confirmed in a letter dated May 18, 1990. The letter provides:

> The following is our proposed job offer to you as the project Coordinator/Project Engineer for the Outpatient Surgery addition at the Medical Center, Bowling Green, Kentucky:

| | |
|---|---|
| Total Wage—Paid Weekly | $25,000.00/year |
| * Health Insurance—Single Person | 1,104.00/year |
| Life Insurance—$20,000 | 84.00/year |
| Disability/Salary Continuance | 161.00/year |
| | $26,349.00/year |

> *Moving allowance reimbursement not to exceed $500.00.

> Paid vacation—One week/year or by special agreement; straight time, holidays paid; 45 hour work week; starting time flexible: 7:30 to 8:00 a.m. No bonuses; a Christmas gift depending on Owner's evaluation. You could/should expect $500.00 to $600.00; profit sharing has been the full 15% of salaries/wages since put into existence, but realistically, you should set your sights on 8% to 10%.

> You would provide your own vehicle/insurance; position would begin at once with a minimum of two (2) weeks orientation in the Louisville Office. We can discuss your allowance for the duration of your orientation.

> This project position will last a minimum of thirteen months. Evaluation for continued employment to be made as mutually apreed [sic] upon.

> This offer remains in effect until May 25, 1990. We await your decision.

Hunter relocated to Bowling Green, and commenced work on May 21, 1990. We note this was Hunter's first job, since he had just graduated from Purdue University.

On September 18, 1990, Hunter was fired by Wehr. Hunter alleges he was terminated because Wehr had lost its bid on the Floyd County [Indiana] Memorial Hospital additions and renovations bid, for which Wehr had attempted to enlist the aid of Hunter's father and uncle. Wehr maintains there is "overwhelming evidence" that Hunter's job performance was unsatisfactory. However, Hunter asserts there was nothing in his personnel file prior to his termination to support such an allegation.

Wehr points out that there were no specific discussions between Hunter and Wehr about the term of Hunter's employment, or termination for cause only, except as set forth in the May 18, 1990, letter. We note Hunter has pointed out no other oral or written statements relating to those questions.

The trial court granted Wehr's motion for summary judgment, because there was no consideration. Specifically, the trial court noted that Hunter had just graduated from college, which established that he was not in position to bargain for employment for a specific term. Thus, he "did not possess the required consideration to form a valid contract."

On appeal, Wehr confines its arguments to those it presented to the trial court regarding the lack of a clear statement of intention to vary from the normal terminable-at-will employment situation, but argues the trial court should be affirmed, since it reached the correct result. See *Haddad v. Louisville Gas & Electric Company*, Ky., 449 S.W.2d 916, 919 (1970). Since the trial court was clearly in error in its analysis of the consideration issue, we shall likewise confine our discussion to the true issue. See *Shah v. American Synthetic Rubber Corporation*, Ky., 655 S.W.2d 489, 492 (1983), which expressly held that:

> [P]arties may enter into a contract of employment terminable only pursuant to its express terms—as "for cause"—by clearly stating their intention to do so, even though no other considerations than servic-

es *to* be performed or promised, is expected by the employer, or performed or promised by the employee.

■ Before reaching the merits of the appeal, we need *to* address the preliminary issue of who construes a contract. Both the trial court and Wehr unequivocally assert the matter is one of law. While they are generally correct, a fuller statement of the law is, as follows:

> The interpretation of an integrated agreement is directed to the meaning of the terms of the writings in the light of the circumstances. The question of interpretation in these circumstances is to be determined by the trier of fact if it depends on a choice àmong reasonable inferences to be drawn on the extrinsic evidence admissible apart from the application of the parol evidence rule. Otherwise, the question of interpretation is a question of law.

*Cook United, Inc. v. Waits,* Ky., 512 S.W.2d 493, 495 (1974). Thus, if there is more than one reasonable inference to be drawn from the May 18, 1990, letter, the question should be submitted to the jury. In other words, if the writing is ambiguous, the factual question of what the parties intended by it is for the jury.

■ Moving on to the merits of this appeal, we note the May 18, 1990, letter does not contain express language stating "Your [Hunter] employment with us [Wehr] shall be for a term of thirteen months." Thus, Wehr argues any language relating to duration is only expectational. However, that other language would appear to support a reasonable inference that a thirteen-month contract was intended. Notably, the sentence: "This project position will last a minimum of thirteen months" is by itself ambiguous, and subject to at least two reasonable constructions as evidenced by the parties' respective positions in this case. That ambiguity may be explained by the notation that the "position would begin at once . . . ." We note that "positions" normally do not "start," but exist subject to being filled, while someone's job filling the position would be so

described. As a result, when the whole letter is considered together, it could be reasonably construed as using "position" to refer to Hunter's specific job, which more fully supports his argument that the contract was for a definite term. Moreover, we note the sentence: "Evaluation for continued employment to be made as mutually agreed upon," reasonably suggests that such an evaluation will be made at the conclusion of the contract. (*i.e.,* in thirteen (13) months). Consequently, we find that the question of the parties' intent relating to the duration of the contract is one properly for the jury, and not subject to resolution by summary judgment. *See Steelvest, Inc. v. Scansteel Service Centers, Inc.,* Ky., 807 S.W.2d 476 (1991).

In an effort to avoid this result, Wehr refers us to the phrase in *Shah,* where the court requires a "clear state[ment of] intention" to avoid the normal terminable-at-will situation. *Shah,* 655 S.W.2d at 492. While we cannot question that the language quoted is in *Shah,* we do question whether Wehr has taken it out of context, which has unduly emphasized the importance of the phrase. Certainly, when one looks at the result in *Shah,* which was a remand for a jury trial, in light of the facts outlined in the opinion, which did not include any specifics except a single quotation regarding a definition of "for cause," the phrase is not as controlling as Wehr would suggest. Therefore, we find that *Shah* does not require the summary judgment motion be sustained.[1]

For the reasons noted above, we reverse the judgment of the Jefferson Circuit Court, and remand for further proceedings consistent with this opinion.

All concur.

---

1. Nor do we find the out-of-jurisdiction cases cited by Wehr to be particularly persuasive, much less require a different result.