110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CONCRETE MATERIALS CORPORATION, INC., Plaintiff-Appellee,
v.
C.J. MAHAN CONSTRUCTION COMPANY, Defendant-Appellant.
 No. 95-6657.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1997.
 
 Before: LIVELY, MERRITT and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal arises from a diversity action, based on contract, that resulted in a jury verdict in the plaintiff's favor. The defendant, now the appellant, contends that (1) the question of whether or not a contract existed between the parties should not have been submitted to the jury; (2) the district court erred in permitting the introduction of certain evidence concerning lost profits; (3) the court erred in excluding a defense witness; and (4) the award of pre-judgment interest was improperly calculated.
 
 I. FACTUAL AND PROCEDURAL BACKGROUND
 
 2
 The relationship between the parties resulted from defendant C.J. Mahan Construction Company's successful bid on a $31 million bridge project on Interstate 75 in Kentucky and an offer by plaintiff Concrete Materials Corporation to provide the necessary concrete for the project. That written offer was made on October 21, 1993, and included the costs of the concrete and of the ice to cool it, as required by the state. It also provided for a 2 percent per month interest rate on overdue bills, for applicable sales taxes, and for hauling. Although no agreement was reached immediately, discussions continued between the two companies. After some negotiation, they came to an agreement as to the cost for the provision of the concrete itself for the project. This term of the agreement was documented in a letter from C. Jeffrey Mahan to Concrete Materials dated January 24, 1994.
 
 
 3
 Shortly thereafter, construction began and Concrete Materials provided the first load of concrete to Mahan Construction. A problem arose with the billing for this load. Concrete Materials included charges for the cost for ice set forth in the original quotation, $.18 per pound. Mahan Construction refused to pay this amount, claiming that this term was not included in their final agreement, threatening to terminate the business relationship unless the ice question could be settled, and refusing any further payments until the matter was resolved. This dispute continued for several months, Mahan Construction arguing that no agreement for ice had been made at all, and Concrete Materials arguing that their original quote held. In the end, no resolution was achieved, and Concrete Materials filed the present action in state court. It was removed to the United States District Court for the Eastern Division of Kentucky upon request of the defendant, Mahan Construction, due to the diversity of citizenship of the parties and to the fact that the amount in controversy was greater than $50,000.
 
 
 4
 In the district court below, a jury found that a contract had existed between Mahan Construction and Concrete Materials that included the quotations in the October offer, that Mahan Construction had breached the contract, and that Mahan Construction owed Concrete Materials a total of $307,734.43 in damages ($87,561.81 for work already done under the contract and owed on Mahan's open account with Concrete Materials, and $220,172.62 for breach of the contract). The court entered judgment in this amount against the defendant. After the trial, Concrete Materials made a motion for pre-judgment interest on the open account portion of the damages, which was granted, thereby increasing the total award to $342,747.63. This appeal followed.
 
 II. DISCUSSION
 
 5
 A. Submission of the Contract Dispute to the Jury
 
 
 6
 Mahan Construction claims on appeal that the contract question in this case should not have been submitted to the jury, because there was no dispute as to the terms of the contract. Under Kentucky law, if the terms of a contract are unambiguous, there is no question of fact for the jury. Hunter v. Wehr Constructors, Inc., 875 S.W.2d 899, 901 (Ct.App.Ky.1993). Instead, the court should enforce the contract as a matter of law. Id. Whether or not a contract existed between the parties, however, is a question of fact for the jury. Id. We review de novo a trial court's determination of the absence or presence of ambiguity, because that determination presents a question of law. Id.; see also University Hills, Inc. v. Patton, 427 F.2d 1094, 1099 (6th Cir.1970).
 
 
 7
 Mahan Construction argues that the January 24, 1994, letter that it sent to Concrete Materials contained all the provisions of the contract and was clear on its face. Because this contract was unambiguous, the defendant contends, the trial judge erred as a matter of law in submitting the question to the jury at all. This argument ignores Concrete Materials's asserted interpretation of the factual situation: that its October offer was accepted by Mahan Construction, with changes made only to the price for the concrete itself and all other provisions remaining in place.
 
 
 8
 We conclude that Mahan Construction cannot prevail in its insistence that the contract provisions were unambiguous as a matter of law, because the plaintiff's interpretation of the situation is also plausible under the applicable state law. In Kentucky, it is possible for a contract to be formed "in any manner sufficient to show agreement ... even though the moment of its making is undetermined," Ky.Rev.Stat.Ann. § 355.2-204 (Michie 1996), and for additional terms to be submitted as part of the acceptance of an offer. Id. § 355.2-207. Concrete Materials has offered evidence sufficient to support a jury finding that the January letter from Mahan was an acceptance of the earlier offer and that it did not contain terms about the ice because those terms had been previously determined by the communications from Concrete Materials to Mahan in October and remained unchanged.[1] Because the existence of a contract was ambiguous, and the terms thereof were certainly ambiguous, the district court properly submitted the factual determination on this issue to the jury.
 
 B. Evidence of Lost Profits
 
 9
 Prior to trial, the parties in this action engaged in discovery. Concrete Materials submitted initial disclosures, as required by Fed.R.Civ.P. 26, including their computation of the damages they claimed. Additionally, the plaintiff submitted responses to the defendant's Interrogatories and Requests for Documents. Although some of these responses could arguably be considered incomplete, and one response included an objection to producing certain documents, the defendant made no effort to gain more information through a motion to compel or a court order.
 
 
 10
 Indeed, Mahan Construction did nothing else with regard to these questions or documents until shortly before trial, when it made a motion in limine "to prevent the introduction of any evidence by Plaintiff ... specifically concerning its profit, and/or its expected profit on the construction project which is the subject of this action." Arguing in support of this motion, Mahan Construction claimed that
 
 
 11
 [i]n order to dispute a claim for lost profits and specific investment, it would be necessary for Defendants to obtain expert witnesses to examine documents and render an opinion as to the legitimacy of the claims and as to the reasonableness of the compilation. Having received no backup information, it is impossible for Defendants to obtain an expert to examine that information.
 
 
 12
 The trial court, in considering this motion, held that because "Mahan did not follow up on its discovery requests by contacting Concrete Materials' counsel or by seeking to invoke the aid of the Court through a motion to compel," Mahan was "precluded from challenging this evidence at this late date." Thus, the motion in limine was denied.
 
 
 13
 This court reviews a district court's interpretation of the Federal Rules of Evidence de novo, because such a construction is a question of law. U.S. v. Breitkreutz, 977 F.2d 214, 221 (6th Cir.1992). Mahan Construction now claims that the district court erred in failing to exclude evidence of lost profits at trial. It bases this claim on Fed.R.Civ.P. 26(a)(1)(C), which states the following:
 
 
 14
 (1) Initial Disclosures. Except to the extent otherwise stipulated or directed by order or local rule, a party shall, without awaiting a discovery request, provide to other parties:
 
 
 15
 * * *
 
 
 16
 (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; ....
 
 
 17
 Fed.R.Civ.P. 26(a)(1)(C). Mahan Construction asserts that Concrete Materials did not comply with this discovery rule, arguing that it did not make available all the documents upon which its computations of damages were based. Mahan Construction insists that this alleged failure on Concrete Materials's part brings into play the sanction set forth in Rule 37(c)(1):
 
 
 18
 (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.
 
 
 19
 The defendant argues that because Concrete Materials did not, in its opinion, comply with the initial discovery requirements of Rule 26, the district court had no discretion to allow the presentation of this evidence at trial.
 
 
 20
 Mahan Construction's argument on this issue rests on a great deal of assumption and confidence in its own opinions. The defendant has never established, or attempted to establish, that the information that Concrete Materials failed to produce comes within of Rule 26(a). The applicability of the sanctions under Rule 37(c)(1), like other discovery matters, falls within the sound discretion of the trial court. Although it is true that a party's failure to comply with Rule 26's requirements results in automatic sanctions, such sanctions do not come into play merely because one party suddenly insists that Rule 26(a) has been violated.
 
 
 21
 Despite the fact that Concrete Materials made what appear to have been good faith initial disclosures and responses to Mahan Construction's interrogatories, as well as the fact that their responses included plausible explanations as to why their responses were adequate, Mahan Construction never requested the district court's assistance in obtaining anything further. Without having established that these documents were discoverable under Rule 26(a) or any other discovery rule, the defendant cannot insist upon their exclusion under Rule 37(c).[2] The district court did not abuse its discretion in denying Mahan's motion in limine and allowing Concrete Materials to present evidence on lost profits at trial.
 
 
 22
 Mahan Construction also claims that Concrete Materials did not meet its burden of proof on its claim of lost damages. It argues that the evidence as to lost damages was admitted improperly and, therefore, should not be considered, and that even if the evidence was properly admitted, it failed to establish the amount of the damages with "reasonable certainty" as required by Kentucky law and, therefore, cannot be the basis for any lost profits recovery.
 
 
 23
 The first aspect of this claim is evidentiary in nature. Mahan Construction claims that the trial court erred in allowing Concrete Materials to admit into evidence a two-page document that included its computation of lost damages. The fault, however, lies with Mahan Construction for failing to object to this document in a timely manner. According to the Federal Rules of Evidence,
 
 
 24
 [e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
 
 
 25
 (1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context....
 
 
 26
 Fed.R.Evid. 103(a). In this case, Mahan Construction failed to object to the document at the time that it was offered for admission. It is thus precluded from raising objection to it post-trial or on appeal.
 
 
 27
 Even if the defendant were not barred from raising this objection at this time, it would lose on the merits of the claim. Mahan Construction argues that this document contained a "summary" of information that brings it under Federal Rules of Evidence 1006, which reads as follows:
 
 
 28
 The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place [sic]. The court may order that they be produced in court.
 
 
 29
 Fed.R.Evid. 1006. According to Mahan Construction, the plaintiff's document of lost profits is a summary, which was never supported by the requisite underlying documentation. Concrete Materials responds that all relevant underlying documentation was in fact provided. Our review of the record convinces us that the plaintiff is correct on this point. Hence, the only question before us is whether the information provided by Concrete Materials was sufficient to support the jury's finding and computation of lost profits.
 
 
 30
 In determining the existence and the amount of lost profits, we apply the law of the forum state. Anchor v. O'Toole, 94 F.3d 1014, 1020 (6th Cir.1996). Under Kentucky law, "loss of anticipated profits as an element of recoverable damages for breach of contract is fully recognized...." Illinois Valley Asphalt, Inc. v. Harry Berry, Inc., 578 S.W.2d 244, 245 (Ky.1979). A party claiming lost profits bears the burden of proving its claim with "sufficient evidence on which a reasonable inference as to the amount of damage can be based." Id. at 246. However, "mere uncertainty as to the amount will not preclude recovery." Id. at 245. The Kentucky Supreme Court has recognized that although "[d]amages are not recoverable for loss beyond an amount that the evidence permits to be established with reasonable certainty," that "[n]o court, including this one, can elucidate a single definition of 'reasonable certainty' which may be used as a yardstick in all cases." Pauline's Chicken Villa, Inc. v. K.F.C. Corp., 701 S.W.2d 399, 401 (Ky.1985). Basically, the law in Kentucky requires a trial court to look at the evidence presented on a case-by-case basis and determine whether a jury can make a reasonable inference as to the amount of lost profits.
 
 
 31
 Concrete Materials submitted information explaining their calculations of their lost profits and documents to support them. Given the Kentucky standard for setting forth evidence on lost profits, we conclude that the district court did not err in allowing the jury to make a determination as to Concrete Materials's lost profits. Plainly, the method of calculating lost profits did not rise to the level of clear error or manifest injustice necessary to require reversal despite Mahan Construction's failure to object or to seek more information.
 
 C. Exclusion of the Defendant's Impeachment
 
 32
 The determination of admissibility of evidence falls purely within the sound discretion of the trial court. U.S. v. Rural Route 1, Box 137-B, Cutler, Ohio, 24 F.3d 845, 852 (6th Cir.1994); Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir.1980). This court reviews a trial court's decisions regarding the admissibility of evidence for an abuse of discretion. Rural Route 1, supra, at 852; Logan, supra, at 790. See also Black v. Ryder/P.I.E. Nationwide, Inc., 15 F.3d 573, 587 (6th Cir.1994). An "abuse of discretion" in this context is defined as "a definite and firm conviction that the trial court committed a clear error of judgment." Logan, supra, at 790. Absent such a conviction, the decisions of the trial court must stand.
 
 
 33
 In this case, Mahan Construction argues that the trial court abused its discretion in excluding the testimony of Sally Ramspell. The district judge disallowed Ramspell's testimony "as to prior dealings of Mr. Robertson [president of Concrete Materials and a witness at trial] and how he had changed terms and conditions of contracts in the past to save money," finding that it was irrelevant. At trial, Mahan Construction argued that Ramspell's testimony would "be as to a similar experience in similar circumstances. It will go to the credibility of the plaintiff...." When asked to identify the similar circumstances, trial counsel stated that the witness would describe another situation in which "the bottom line motive ... is profit." On appeal, Mahan argues that in this case, Ramspell's testimony is admissible under Fed.R.Evid. 404(b),[3] specifically under the exception that allows character evidence for the purpose of showing intent.[4] We conclude that under either of these hazily articulated theories of admissibility, Mahan Construction cannot succeed on this claim of error.
 
 
 34
 The district judge refused to admit the evidence at trial, finding that "this testimony is not relevant to the issues here. And if it is relevant, I think it would be confusing to the jury. So I'm not going to allow it under Rule 403." Additionally, the trial judge stated, "I think the jury is going to have to make a decision based on the testimony of what we have, and I just don't think that this witness is going to add anything at all to it." This decision was plainly reasonable and supported by the Federal Rules of Evidence. Mahan Construction's assertion that this evidence was relevant as to intent or credibility, and therefore should have been admitted, is not supported by the Federal Rules of Evidence and, in any event, this exclusion does not rise to the level of abuse of discretion on the part of the trial judge.
 
 D. Calculation of Pre-judgment Interest
 
 35
 Finally, Mahan Construction appeals the decision of the district court with regard to its award of pre-judgment interest on a portion of the total damages award. After the trial, Concrete Materials made a motion to amend the judgment "to include pre-judgment interest on the portion of the judgment representing the open account of $87,561.81 from and after May 30, 1994." It submitted that 2 percent per month, an amount included on the forms used in its original quotation to Mahan Construction as a "finance charge" to "be added to all past due accounts," was the appropriate calculation rate. Arguing in support of its motion to amend the judgment, Concrete Materials maintained that this amount was an open account and thus liquidated, and that the contractual interest rate was the appropriate calculation rate "since the jury found that a contract existed based on the offer in the quotation and the acceptance by the Defendant in its letter of January 24, 1994." The trial court agreed with Concrete Materials, and granted the requested interest at the requested rate.
 
 
 36
 In assessing pre-judgment interest, a federal court sitting in diversity applies the law of the forum state. Rhea v. Massey-Ferguson, 767 F.2d 266, 270 (6th Cir.1985). Under Kentucky law, the determination of pre-judgment interest is a question of equity within the discretion of the trial judge. Nucor Corp. v. General Elec. Co., 812 S.W.2d 136, 144-45 (Ky.1991). The trial judge's decision awarding pre-judgment interest is then subject to review only for abuse of discretion. Id. at 145; see also E.E.O.C. v. Kentucky State Police Dept., 80 F.3d 1086, 1097 (6th Cir.), cert. denied, 117 S.Ct. 385 (1996).
 
 
 37
 Under Kentucky law, "interest runs as a matter of right on a liquidated demand, and, in the case of an unliquidated claim, the allowance of interest rests in the discretion of ... the court trying the case." Nilson-Newey & Co. v. Ballou, 839 F.2d 1171, 1176 (6th Cir.1988) (internal citations omitted). In the instant case, the district judge correctly determined that the amount due Concrete Materials on the open account constituted "liquidated damages" and thus was automatically subject to pre-judgment interest. As the Kentucky Supreme Court held in Nucor, supra,
 
 
 38
 [w]hen the damages are "liquidated," pre-judgment interest follows as a matter of course. Precisely when the amount involved qualifies as "liquidated" is not always clear, but in general "liquidated" means "[m]ade certain by agreement of the parties or by operation of law." ... Common examples are a bill or note past due, an amount due on an open account, or an unpaid fixed contract price.
 
 
 39
 812 S.W.2d 136, 141 (Ky.1991) (internal citations omitted).
 
 
 40
 Nor do we find the district court erred in employing the 2 percent per month compounded interest rate to the concrete portion of the account. The calculation method for pre-judgment interest in Kentucky falls within the discretion of the trial court. E.E.O.C. v. Kentucky State Police Dept., supra, 80 F.3d at 1097. Like the decision to award it at all, this aspect of pre-judgment interest assessment is also subject only to abuse of discretion review. Id. Under Kentucky law, "[t]he legal rate of interest is eight percent (8%) per annum, but any party or parties may agree, in writing, for the payment of interest in excess of that rate...." Ky.Rev.Stat.Ann. § 360.010. The trial court, recognizing that the jury had specifically found a contract based on Concrete Materials's October document, employed the 2 percent interest rate included in that document. Based on the jury's finding of a contract, this determination was supportable as part of the agreement between the parties and thus does not constitute an abuse of discretion. Additionally, "the decision whether to award compound or simple interest is in the trial court's discretion," Kentucky State Police Dept., supra, 80 F.3d at 1098, and the defendant cites no relevant authority (nor have we found any) to support its contention that compound interest was inappropriate in this case. For this reason, the district court's use of the 2 percent compounded monthly interest rate cannot be said to constitute an abuse of discretion.
 
 III. CONCLUSION
 
 41
 For the reasons set out above, we AFFIRM the judgment of the district court in all respects.
 
 
 
 [1]
 On appeal, the factual conclusions of the trier of fact with regard to the existence of a contract "are binding on appeal unless [the appellate] court is left with a definite and firm conviction that a mistake has been made. It is the appellant who must shoulder the burden of proving such a mistake, and this burden is not met merely by demonstrating a conflict in the testimony, nor by seeking to redetermine the credibility of witnesses. Moreover, the appellate court must review the facts in the light most favorable to the present appellee." United Slate, Tile and Composition Roofers, et al. v. G & M Roofing and Sheet Metal Co., Inc., 732 F.2d 495, 498 (6th Cir.1983)
 
 
 [2]
 The advisory committee notes to Fed.R.Civ.P. 37(c) warn of the potential for a disclosing party's abuse of this mandatory exclusion rule, stating that "[p]reclusion of evidence is not an effective incentive to compel disclosure of information that, being supportive of the position of the opposing party, might advantageously be concealed by the disclosing party." Fed.R.Civ.P. 37(c) advisory committee notes to 1993 Amendment. This case seems to present the opposite situation, in which the party requesting disclosure tries to take advantage of the mandatory exclusion: failing to bring what it considers a deficiency in the discovery to the attention of the court or the disclosing party, then attempting to have evidence on an entire aspect of the disclosing party's claim automatically excluded because of that alleged deficiency
 
 
 [3]
 Fed.R.Evid. 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...."
 
 
 [4]
 On the same page of its brief that Mahan refers to this exception to the rule excluding character evidence as the reason that Ramspell's testimony should have been admitted, it asserts that "[t]he court's exclusion was erroneous because it was based upon the fact that this was 'inadmissible character evidence'.... That is not the basis or the need for testimony taken."