Lyle M. HEYWARD, Plaintiff–
Appellant,

v.

Reginald WILKINSON, et al.,
Defendants–Appellees.

No. 00–3521.

United States Court of Appeals,
Sixth Circuit.

Dec. 7, 2001.

Before BOGGS and GILMAN, Circuit Judges; and QUIST, District Judge.*

OPINION

PER CURIAM.

■ Lyle M. Heyward, an Ohio state prisoner, appeals the grant of summary judgment in favor of defendants. His action concerns his placement in security control and proceedings before the Rules Infraction Board, which found him guilty of aggravated murder of another inmate. We review de novo a district court's grant of summary judgment. *City of Wyandotte v. Consolidated Rail Corp.,* 262 F.3d 581, 585 (6th Cir.2001).

■ Heyward first claims that he was entitled to receive procedural due process before the Rules Infraction Board. However, the district court correctly found that Heyward had no liberty interest in the prison regulations regarding his hearing before the Rules Infraction Board because his placement did not present "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" described in *Sandin v. Conner,* 515 U.S. 472, 496, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). We have yet to find a liberty interest in situations concerning placement in segregation. *See Jones v. Baker,* 155 F.3d 810 (6th Cir.1998); *Mackey v. Dyke,* 111 F.3d 460 (6th Cir.1997); *Rimmer–Bey v. Brown,* 62 F.3d 789 (6th Cir.1995). Heyward's circumstances do not present any reason to depart from these decisions. Without a liberty interest at stake, Heyward was not constitutionally entitled to procedural protections. Further, Heyward's contention that the district court improperly applied *Sandin* retroactively lacks merit. *See Mackey,* 111 F.3d at 462.

■ Second, Heyward contends that the district court erroneously granted summary judgment in favor of Warden A.J. Lazaroff and Administrative Assistant Stacha Doty, who he claims failed to investigate the allegedly unconstitutional circumstances of his confinement. The district court correctly found that there was no evidence to show that Lazaroff and Doty knew about the circumstances until after the fact. At that point in time, their failure to investigate did not violate Heyward's constitutional rights. *See Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000).

■ Third, Heyward contends that the district court improperly granted summary judgment in favor of Reginald Wilkinson, the Ohio Department of Rehabilitation and Correction Director, because Wilkinson's statement of the facts was not in the form of an affidavit. To the contrary, the district court correctly applied summary judgment standards, as there was no evidence that Wilkinson violated Heyward's constitutional rights. It is well-settled that transfer to another institution does not implicate a protected liberty interest of a prisoner. *Wilson v. Yaklich,* 148 F.3d 596, 601 (6th Cir.1998).

■ Fourth, Heyward contends that the district court erroneously denied his motion for sanctions based on defendants' failure to timely respond to a discovery request. However, Heyward has not offered any compelling argument why the decision was an abuse of discretion. *See Concrete Materials Corp. v. C.J. Mahan Const. Co.,* No. 95–6657, 1997 WL 151741, at *4 (6th Cir. March 28, 1997). Consequently, his contention fails to merit the requested relief.

---

* The Honorable Gordon J. Quist, District Judge of the United States District Court for the Western District of Michigan, sitting by designation.

Finally, Heyward contends that he was entitled to a default judgment against ten defendants who were named in his supplemental complaint. The record before us shows that the magistrate judge initially denied Heyward's motion to supplement, but then later granted his motion for reconsideration and allowed prison officials eleven days to respond. However, although the time for responding elapsed, the court did not rule on Heyward's motion. The court's entry of final judgment in favor of defendants, entered approximately three years after Heyward's motion to supplement was filed, constitutes an implicit denial of the motion. Such a denial was not an abuse of discretion.

For all of the reasons set forth above, we AFFIRM the judgment of the district court.

Before NORRIS, SILER, and BATCHELDER, Circuit Judges.