EQUITANIA INSURANCE COMPANY
Robert B. Congleton, Robert P. Levy
and Donald G. Fraley, Appellants,

v.

SLONE & GARRETT, P.S.C. and
Laurel Garrett, Appellees.

No. 2003–SC–1003–DG.

Supreme Court of Kentucky.

Feb. 23, 2006.

Rehearing Denied June 15, 2006.

Kenneth L. Sales, Paul Jason Kelley, Sales, Tillman, Wallbaum, Catlett & Satterly, Louisville, Counsel for Appellants.

Perry M. Bentley, Todd S. Page, Stoll, Keenon & Park, LLP, Lexington, Counsel for Appellee.

WINTERSHEIMER, Justice.

This appeal is from an opinion of the Court of Appeals which affirmed a judgment of the circuit court based on a summary judgment/jury verdict that rejected the claim of the Equitania Insurance Company and its Vimont shareholder group for legal malpractice against Garrett and her law firm.

The major issues are whether the proper standard for proving liability in a legal malpractice case was followed and whether the instructions given by the trial judge to the jury regarding specific factual issues violated the rule in favor of barebones jury instructions. The other questions presented are whether collateral estoppel can be applied to bar a third party from relitigating an issue already decided in a prior litigation; whether it was error to exclude expert opinions when the expert was timely disclosed, his opinion was seasonably supplanted, he gave his deposition regarding all opinions and the trial was postponed absent prejudice to the other party.

Two groups of shareholders, the Vimont group, composed of four of the shareholders, and the Pavenstedt group, composed of a group of shareholders led by Johann Pavenstedt began to vie for control of Equitania, an insurance company which provided insurance for horse owners. After the Vimont group bought out the Pavenstedt group, the company continued to decline in its efforts to return a profit. Vimont eventually entered an agreement to sell the book of business to Markel Insurance Company. That deal was closed in January 1995. In March of that year, the Vimont group filed a civil action in circuit court, seeking to rescind the agreement between them and the Pavenstedt

group. That case was assigned to Fayette Circuit Judge Gary Payne. A judgment was rendered against the Vimont group and it was upheld by the Court of Appeals in an unpublished opinion.

Laurel Garrett and the law firm of Slone & Garrett represented the Vimont group in its attempt to gain control of the company prior to Vimont buying the shares of Pavenstedt. As a result of that representation, Vimont filed a civil action against Garrett in circuit court in February of 1997, alleging legal malpractice by Garrett in connection with her representation. That case was assigned to Fayette Circuit Judge John R. Adams and it is the principal subject of this appeal. Judge Adams ruled against Vimont and the Court of Appeals upheld that decision. This appeal followed.

This case is a complex legal malpractice claim brought by Vimont against Garrett alleging that she negligently advised them during the midst of the shareholder dispute. They claim that Garrett negligently failed to properly advise them as to how to retain control of the corporation; that the methods she advised violated the insurance code; violated a fiduciary duty to shareholders; was unethical, and was substantially more expensive. The circuit judge granted Garrett a partial summary judgment based on his interpretation of the contract which was different from the interpretation made by the circuit judge in the earlier civil case. The other portion of the claim was resolved in favor of Garrett by a jury verdict. The Court of Appeals upheld the decision of the circuit court, and this Court granted discretionary review.

## I. Jury Instructions

■ Correct instructions are absolutely essential to an accurate jury verdict. The fundamental function of instructions is to tell the jury what it must believe from the evidence in order to resolve each dispositive factual issue in favor of the party who has the burden of proof on that issue. *See Webster v. Commonwealth*, 508 S.W.2d 33 (Ky.1974), *cert. denied*, *Webster v. Kentucky*, 419 U.S. 1070, 95 S.Ct. 657, 42 L.Ed.2d 666 (1974). The purpose of the rule is to secure the best possible trial rather than to have unnecessary appellate procedures. *See Tillman v. Heard*, 302 S.W.2d 835 (Ky.1957).

During this trial, at about 6:10 p.m. on May 16, 2002, the trial record shows that counsel for both sides approached for a bench conference. The trial judge explained to counsel that instead of going through each instruction phrase by phrase with objections, the court accepted the submitted versions and gave each party a copy of proposed instructions. For the purposes of CR 51(3), the trial judge explained that the court would consider inconsistencies between their submitted instructions and the court's jury instructions as fully objected to. After having been given sufficient time to review the court's proposed instructions, each side agreed with this process and ceded to the instructions proposed by the court.

The Vimont group offered instructions which the judge declined to use and prepared instructions of his own. Accordingly, their tendering of the instructions was a sufficient objection.

■ We should note it is well recognized that the function of instructions is only to state what the jury must believe from the evidence. There should not be an abundance of detail but the jury instructions should provide only the "bare bones" of the question for the jury. *Hamby v. University of Kentucky Medical Center*, 844 S.W.2d 431 (Ky.App.1992). The

bare bones may then be fleshed out by counsel during closing argument.

The jury instructions given by the trial court over the objection by Vimont were not an accurate statement of the law regarding legal malpractice in Kentucky. Vimont objected to the instructions and tendered instructions of their own which were not used. The instructions given follow:

> *Instruction No. 2:* It was the duty of Defendant, Laurel Garrett, in undertaking the legal representation of the plaintiffs, to possess to an ordinary extent the technical knowledge commonly possessed in her profession, to exercise that degree of care and skill which an ordinary, reasonably competent lawyer would exercise under the same or similar circumstances. Provided, however, a lawyer cannot be held responsible for errors in judgment or for advising a course of action even if that course of action ultimately proves to be unsuccessful.

The given instructions were incorrect for several reasons. It was properly preserved because there was an objection to Instruction No. 2 in the submitted instructions.

■ Kentucky law does not provide for an exception for attorney liability for errors in judgment. A case relied on by the Court of Appeals, *Daugherty v. Runner,* 581 S.W.2d 12 (Ky.App.1978), stated that misjudgment of the law will generally not render a lawyer liable. However, *Daugherty, supra,* did not state that a lawyer can never be held liable for an error in judgment. The tendered instructions did not advise the jury that it had to be an error of law which precluded liability, nor did it inform the jury that there are circumstances in which misjudgment of the law could be a basis for liability. There can be many circumstances in which law-

yers can commit errors of judgment which deviate from the standard of care. Whether an error of judgment is legal malpractice is a question of fact for the jury.

Vimont offered an expert, Manning Warren, to evaluate the methods undertaken by Garrett to assist the company in its shareholders dispute. Specifically, Warren testified that Garrett should have pursued an administrative process with the Department of Insurance to join the Vimont group to the Pavenstedt agreement which, if successful, would have resulted in the shareholders maintaining control of Equitania and would have resolved the issue. This would have avoided a prolonged battle with Pavenstedt and would have avoided spending over two million dollars by buying the stock. They also would have avoided the issues with the Department of Insurance regarding change of control as a result of their purchase. It was their conclusion that Garrett committed ongoing malpractice by failing to advise them of change of control issues. Warren further testified that it was a deviation to fail to pursue this option. However, it is apparently undisputed that the Department of Insurance would not have approved a Pavenstedt sale even if it had been properly submitted.

■ Kentucky should not allow lawyers to avoid liability for committing errors in judgment which the average reasonably prudent lawyer would not commit. Any avoidance of liability should only be allowed for errors of judgment made in absolute good faith.

Here, Garrett failed to plead or present evidence regarding her alleged errors in judgment so as to justify her decision. The error in judgment instruction indirectly required the jury to define and understand abstract legal principles. The jury could not have reasonably understood the

distinction between errors in judgment and legal malpractice. It is of interest to note that the instruction provided by Vimont in this case is similar to the instructions provided in *Daugherty*.

■ The proper jury instruction must follow a form similar to that in Palmore, 2 *Kentucky Instructions to Juries* § 21.01 (4th Ed.1989):

> It was the duty of D[efendant] in undertaking the legal representation of P[laintiff] to exercise the degree of care and skill expected of a reasonably competent lawyer acting under similar circumstances. If you are satisfied from the evidence that D[efendant] failed to comply with this duty and that such failure was a substantial factor causing the loss, you will find for P[laintiff]; otherwise you will find for D[efendant].

This instruction form contains the elements prescribed in *Daugherty* without requiring the jury to understand abstract legal principles. The jury is able to determine from the evidence whether there was a breach of duty and whether that breach caused the loss.

## II.   Limitation on Testimony

■ It was error for the trial judge to limit the expert testimony, despite the fact that the witness was timely disclosed as an expert pursuant to CR 26.02. His opinions were seasonably updated, he was deposed twice and two years had expired between the time of the disclosure and the trial. Thus, there was more than ample opportunity to address the opinions offered by Warren. *Ward v. Housman*, 809 S.W.2d 717 (Ky.App.1991), provides that the person requesting exclusion of testimony must show prejudice. Otherwise, there is no valid basis to exclude or limit testimony. Here, the supplement came before the depositions and before trial was scheduled. Actually, the opinions were discovered more than two years prior to trial. No new theories were presented in the supplemental disclosures. Only additional acts of negligence were noted. No prejudice was shown, nor could have been shown, in this case because the disclosure was given two years before trial and no material changes were made to the testimony of the witness.

## III.   Ambiguity in the Agreement

■ It is well settled that the interpretation of contracts is an issue of law for the court to decide. *Morganfield Nat. Bank v. Damien Elder & Sons*, 836 S.W.2d 893 (Ky.1992). The intention of the parties to a written instrument must be gathered from the four corners of that instrument. *Cf. Hoheimer v. Hoheimer*, 30 S.W.3d 176 (Ky.2000). We are not unmindful of the authority cited by the appellants, *Cook United, Inc. v. Waits*, 512 S.W.2d 493 (Ky.1974). Certainly, if the writing is ambiguous, the factual question of what the parties intended is for the jury to decide.

■ In this situation the Vimont group failed to show Judge Adams that there was any ambiguity in the contract. Under the circumstances, we agree with Judge Adams that the interpretation of this contract was a matter of law.

In regard to pleadings, Kentucky has always followed the notice pleading theory which only requires a short and plain statement of claim demonstrating that relief is warranted and necessary. *See McCollum v. Garrett*, 880 S.W.2d 530 (Ky. 1994).

Consequently, under the circumstances regarding the instructions, this matter is reversed and remanded. The decisions of the Court of Appeals and the trial court are reversed and this matter is remanded to the trial court for a jury determination as to all factual issues.

Upon review, we find the other issues raised by the appellants are without merit. Neither stare decisis nor collateral estoppel apply to the issues presented in this case. The interpretation of Fraley agreement was a question of law for the trial judge to determine. The partial summary judgment was appropriate because the interpretation of the contract was a matter of law. However, the error in regard to the instructions is sufficient to require a reversal and remand of this case.

All concur.