Joseph Steven CLARK, Appellant,

v.

HECTUS & STRAUSE PLLC, and
C. Thomas Hectus, Appellees.

No. 2010–CA–000008–MR.

Court of Appeals of Kentucky.

Feb. 25, 2011.

Discretionary Review Denied by
Supreme Court Sept. 15, 2011.

Joseph Steven Clark, Marion, IL, pro se.

C. Thomas Hectus, Louisville, KY, for appellee.

Before CLAYTON and MOORE, Judges; LAMBERT,[1] Senior Judge.

## OPINION

LAMBERT, Senior Judge:

Joseph Steven Clark appeals from the Marion Circuit Court's entry of summary judgment in favor of Hectus & Strause, PLLC and C. Thomas Hectus. Appellant filed suit against Appellees seeking reimbursement of all or part of a $10,000 fee paid to Appellees during their representa-

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

tion of Appellant in a criminal matter. Appellant contended that he was entitled to reimbursement of all or some of this amount because his case did not go to trial. Because the written fee agreement between the parties is ambiguous as to the question of whether Appellant would be entitled to partial reimbursement of the subject fee in the event that the case did not proceed to trial, we hold that summary judgment was entered erroneously. Thus, we reverse and remand for further proceedings.

Appellant and a number of other defendants were charged in federal court with conspiracy to traffic in cocaine. On September 13, 2003, Appellant agreed to pay Appellees a retainer of $10,000 to represent him in the case. The parties did not have a standard written fee agreement. Instead, the fee was part of a "flat fee" arrangement set forth in correspondence between the parties.

On February 13, 2004, Appellee Hectus sent a letter to Appellant indicating that further funds would be needed because it appeared likely that the case would proceed to trial:

> Finally, as you will recall, I had advised you that my initial retainer will not cover the preparation and trial of this case. It now appears that it is likely that we are going to trial, and I will have to begin trial preparation in earnest. The remainder of the trial fee, an additional $10,000, will be due and payable within thirty (30) days.

On March 20, 2004, Appellant replied to this correspondence with a letter agreeing to pay Appellees an additional flat fee of $10,000 "for preparation and trial fee of for [sic] my case. This gives us a total of $20,000 to complete my case when we go to

trial." At the bottom of this letter is the notation "agreed and accepted," Appellee Hectus's signature, and the date "3/26/04." [2] Nothing else in the record illustrates the intentions of the parties with respect to this sum.

Ultimately, Appellant's case did not proceed to trial. Instead, he entered a guilty plea one day before trial was set to begin and was later sentenced to 140 months' imprisonment. On July 7, 2008, Appellant sent a letter to Appellees demanding a refund of the second $10,000 payment because his case had been resolved prior to trial. Appellees refused this demand, and Appellant filed the current action seeking reimbursement of this amount or part of it.

On July 6, 2009, Appellant filed a motion for summary judgment. Appellees responded with their own motion for summary judgment on September 23, 2009. On November 25, 2009, the trial court entered an order granting Appellees' motion for summary judgment (and denying Appellant's motion) without further comment. This appeal followed.

■ On appeal, Appellant contends that summary judgment was entered erroneously because of the existence of genuine issues of material fact that remained to be resolved. He specifically argues that he is entitled to at least a partial refund of the subject fee because he entered a guilty plea in lieu of going to trial and that a genuine factual dispute remains as to his entitlement to such. Appellees argue in response that summary judgment was appropriately entered because they fulfilled their obligations to Appellant—trial or no—and were therefore entitled to retain the entire fee. The standards for reviewing a trial court's entry of summary judg-

---

**2.** Appellees also handled two other unrelated criminal matters for Appellant in exchange for $5,000. This sum is not at issue here.

ment are well-established and were concisely summarized by this Court in *Lewis v. B & R Corp.*, 56 S.W.3d 432 (Ky.App. 2001):

> The standard of review on appeal when a trial court grants a motion for summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. The moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present "at least some affirmative evidence showing that there is a genuine issue of material fact for trial."

*Id.* at 436 (Internal footnotes and citations omitted). Because summary judgments involve no fact finding, we review the trial court's decision *de novo*. *3D Enters. Contr. Corp. v. Louisville & Jefferson County Metro. Sewer Dist.*, 174 S.W.3d 440, 445 (Ky.2005); *Blevins v. Moran*, 12 S.W.3d 698, 700 (Ky.App.2000).

Resolution of this appeal necessarily requires consideration of the parties' written agreement with respect to the subject fee. Although the parties did not have a standard contractual fee arrangement, they agree that Appellant's letter of March 20, 2004, reflects their agreement and was intended to serve as a contract as to the $10,000 in dispute. Thus, our review is necessarily focused upon this document as well as—to a lesser extent—the preceding letter from Appellees setting forth their request for this amount.

"It is well settled that the interpretation of contracts is an issue of law for the court to decide." *Equitania Ins. Co. v. Slone & Garrett, P.S.C.*, 191 S.W.3d 552, 556 (Ky.2006). This includes determining whether a contract is ambiguous. *3D Enterprises Contracting Corp. v. Louisville and Jefferson County Metropolitan Sewer Dist.*, 174 S.W.3d 440, 448 (Ky.2005); *Elmore v. Commonwealth*, 236 S.W.3d 623, 626 (Ky.App.2007). The intention of the parties as to a written instrument generally must be gathered from the four corners of that instrument. *Equitania*, 191 S.W.3d at 556. However, "if the writing is ambiguous, the factual question of what the parties intended is for the jury to decide." *Id.; see also Hunter v. Wehr Constructors, Inc.*, 875 S.W.2d 899, 901 (Ky.App.1993).

In their letter of February 13, 2004, Appellees advised Appellant that the initial $10,000 retainer paid by Appellant would "not cover the preparation and trial of this case." Thus, Appellees requested "[t]he remainder of the trial fee, an additional $10,000." A plain reading of this letter certainly suggests that this $10,000 payment was intended to compensate Appellees for their efforts in trial preparation *and* trial. Appellant responded to this request with a letter agreeing to pay Appellees an additional flat fee of $10,000 *"for preparation and trial* fee of for [sic] my case. This gives us a total of $20,000 to complete my case *when we go to trial."* (Emphasis added). Appellee Hectus acknowledged his acceptance to these terms on the letter itself. Again, this language strongly suggests that the $10,000 payment was intended to cover trial preparation *and* trial. Appellees argue that the fee "included trial preparation, as well as trial (if necessary)," but the parties' fee arrangement does not explicitly indicate that Appellees would be entitled to retain

the entire $10,000 in the event that there was no trial.[3] Thus, we believe that the fee arrangement between the parties was intended to pay for Appellees' services in trial preparation *and* trial.

■ However, with this said, the correspondence between the parties contains nothing definitive on the question of what the parties anticipated and intended with respect to the $10,000—or a possible refund of a portion of that fee—in the event that the case did not proceed to trial.[4] While unearned payment would normally be subject to reimbursement, we are compelled to conclude that the subject documents are ambiguous on this subject. Because of this ambiguity, summary judgment was prematurely entered and reversal and remand is required to resolve the issue. *See, e.g., Equitania,* 191 S.W.3d at 556. When an ambiguity exists with respect to a contract:

> "the court will gather, if possible, the intention of the parties from the contract as a whole, and in doing so will consider the subject matter of the contract, the situation of the parties and the conditions under which the contract was written," by evaluating extrinsic evidence as to the parties' intentions.

*Frear v. P.T.A. Industries, Inc.,* 103 S.W.3d 99, 106 (Ky.2003), *quoting Whitlow v. Whitlow,* 267 S.W.2d 739, 740 (Ky.1954); *see also Holly Creek Production Corp. v. Rose,* 284 S.W.3d 542, 544 (Ky.App.2009).

Appellant argues that the fee was intended to compensate Appellees, in part, for their services during trial and that because a trial did not occur, it was "inconceivable" that the entire amount was consumed. In response, Appellees contend that they performed $10,000 worth of services even though the case was not tried; therefore, they are obligated to retain the entire amount either pursuant to the parties' arrangement or to the theory of *quantum meruit.*[5] In light of the ambiguous nature of the parties' fee agreement, their arguments clearly present genuine issues of material fact that cannot be properly resolved via summary judgment. Because the parties did not create a fee contract that addressed the issue of who was entitled to what in the event that a trial did not take place, the question will have to be resolved by a finder of fact.

For the foregoing reasons, the summary judgment entered by the Marion Circuit Court is reversed, and this matter is here-

---

**3.** Appellees argue that the sentencing hearing that took place following Appellant's guilty plea should be considered a "trial" for purposes of this case, but we believe this argument has little merit. The correspondence between the parties clearly anticipated a "trial" as that term is used in the conventional sense, *i.e.,* "[a] formal judicial examination of evidence and determination of legal claims in an adversary proceeding." BLACK'S LAW DICTIONARY 1543 (8th ed.2004). In contrast, a "sentencing hearing" (or "presentencing hearing"), is "[a] proceeding at which a judge or jury receives and examines all relevant information regarding a convicted criminal and the related offense before passing sentence." *Id.* at 1221. The correspondence between the parties clearly reflects a belief that Appellant's case would proceed to a full-

blown criminal trial with both a merit phase and, if necessary, a sentencing phase.

**4.** Appellant acknowledges in his brief that a "portion" of the $10,000 "may very well have been consumed for trial preparation." Thus, he would not be entitled to a full refund of the $10,000.

**5.** Appellees spend a considerable portion of their brief detailing the amount of work that they did on Appellant's behalf. However, this effort—and Appellant's response to such—only emphasizes that factual disputes on these matters remain to be resolved by a finder of fact in light of the imprecise nature of the parties' contractual agreement.

by remanded for further proceedings consistent with this opinion.

ALL CONCUR.