RENDERED: APRIL 16, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0119-MR

CRAIG & LANDRETH CARS, INC.; LAJ
REINSURANCE LIMITED; LARRY J. CRAIG,
SR.; AND LARRY J. CRAIG, JR.

APPELLANTS


APPEAL FROM JEFFERSON CIRCUIT COURT
v.         HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 19-CI-003563


PROTECTIVE LIFE CORPORATION DBA
PROTECTIVE ADMINISTRATIVE SERVICES,
INC.; PROTECTIVE LIFE CORPORATION
DBA PROTECTIVE ASSET PROTECTION;
PROTECTIVE LIFE CORPORATION DBA
ACCELERATION NATIONAL SERVICE
CORP.; PROTECTIVE LIFE CORPORATION
DBA THE ADVANTAGE WARRANTY CORP.;
PROTECTIVE LIFE CORPORATION DBA
LYNDON PROPERTY AND CASUALTY;
PROTECTIVE LIFE CORPORATION DBA
LYNDON ADMINISTRATIVE SERVICES,
INC.; PROTECTIVE LIFE CORPORATION
DBA LYNDON PROPERTY INSURANCE
COMPANY; PROTECTIVE LIFE
CORPORATION DBA WESTERN GENERAL
DEALER SERVICES, INC.; PROTECTIVE
LIFE CORPORATION DBA WG DEALER
SERVICES; PROTECTIVE LIFE
CORPORATION DBA WESTERN GENERAL

WARRANTY CORPORATION; PROTECTIVE
LIFE CORPORATION DBA CHESTERFIELD
INTERNATIONAL REINSURANCE;
PROTECTIVE LIFE CORPORATION DBA
WESTERN DIVERSIFIED SERVICES, INC.;
PROTECTIVE LIFE CORPORATION DBA
WESTERN DIVERSIFIED CASUALTY
INSURANCE COMPANY; PROTECTIVE LIFE
CORPORATION DBA WARRANTY
BUSINESS SERVICES CORPORATION;
PROTECTIVE LIFE CORPORATION DBA
MEPCO INSURANCE PREMIUM
FINANCING, INC.; PROTECTIVE LIFE
CORPORATION DBA CAC FINANCIAL, INC.;
AND B. THOMAS AND COMPANY                                              APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, KRAMER, AND MCNEILL, JUDGES.

DIXON, JUDGE:  Craig & Landreth Cars, Inc.; LAJ Reinsurance Limited; Larry J.

Craig, Sr.; and Larry J. Craig, Jr., appeal the order granting the motion to dismiss

their complaint against Protective Life Corporation dba Protective Administrative

Services, Inc.; Protective Life Corporation dba Protective Asset Protection;

Protective Life Corporation dba Acceleration National Service Corp.; Protective

Life Corporation dba The Advantage Warranty Corp.; Protective Life Corporation

dba Lyndon Property and Casualty; Protective Life Corporation dba Lyndon

Administrative Services, Inc.; Protective Life Corporation dba Lyndon Property

-2-

Insurance Company; Protective Life Corporation dba Western General Dealer Services, Inc.; Protective Life Corporation dba WG Dealer Services; Protective Life Corporation dba Western General Warranty Corporation; Protective Life Corporation dba Chesterfield International Reinsurance; Protective Life Corporation dba Western Diversified Services, Inc.; Protective Life Corporation dba Western Diversified Casualty Insurance Company; Protective Life Corporation dba Warranty Business Services Corporation; Protective Life Corporation dba Mepco Insurance Premium Financing, Inc.; Protective Life Corporation dba CAC Financial, Inc. (hereinafter referred to collectively as "PLC"); and B. Thomas and Company, as well as the order denying their motion to alter, amend, or vacate the order of dismissal entered by the Jefferson Circuit Court on October 31, 2019, and January 7, 2020, respectively. After careful review of the record, briefs, and the law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Larry J. Craig, Sr., and Larry J. Craig, Jr., are the principal owners and operators of Craig & Landreth Cars, Inc. For all times relevant herein, Craig & Landreth Cars, Inc., operated used car dealerships and sold vehicle service contracts ("VSC") to their customers in which PLC—the VSC administrator—paid the costs of covered repairs. Craig & Landreth Cars, Inc., profited from the sale of the VSCs by offering them to consumers at a higher price than it paid to PLC for

-3-

the product. In April 2002, the Craigs created a reinsurance company, LJP Reinsurance, Limited (LJP), which allowed PLC to escrow funds associated with the VSCs. In October 2008, LJP Kentucky, Limited, was formed and operated in the same manner; thereafter, LAJ Reinsurance, Limited, (LAJ) was likewise formed and operated. B. Thomas and Company, an independent insurance agency, helped set up and administer LAJ. Robert D. ("Bob") Thomas, principal member and agent of B. Thomas and Company, also provided advice and recommendations about products offered by PLC, including its VSCs.

On June 10, 2019, Appellants brought the instant action alleging a myriad of claims arising from three incidents and/or series of conduct.

First, PLC, as the VSC administrator, collected fees from Appellants, including certain taxes and licensing fees. PLC collected a "premium tax" from Appellants on each VSC sold from at least 2002 through 2015. Appellants claim such amounts were illegally collected as the sale of VSCs did not qualify as insurance events under Kentucky law and no taxing authority charged taxes on the sale and/or administration of the VSCs. Appellants allege they requested that PLC provide an accounting of all taxes collected and paid on numerous occasions, but PLC either ignored, denied, or only marginally complied with their requests. Appellants complain that through its collection of premium taxes, PLC willfully and intentionally collected unauthorized funds without their consent.

Second, Appellants allege PLC, through its agents, Bob Thomas and B. Thomas and Company, changed the cost charged by PLC to administer the VSCs without their authorization. Appellants claim this change was fraudulent.

Third, Appellants claim that in or about 2008,[1] they were provided paperwork from either PLC or Bob Thomas that LJP was being moved from the Island of Nevis to the Republic of Seychelles. Appellants aver they had no input in this decision but were told this move would be beneficial to them when, in fact, the move only benefitted PLC and dramatically altered their liability. Appellants, citing their unease with the change in venue, sold LJP to PLC, resulting in its dissolution. Appellants further allege that, as part of this agreement, PLC promised any funds from business created from the time of the dissolution of LJP until the formation of LAJ would be held in escrow for LAJ. Appellants claim they relied upon this promise and continued to sell VSCs administered by PLC to their customers during that time period; however, after LAJ was up and running, PLC failed to transfer such funds. Appellants contend these actions were fraudulent and deceitful.

From these three incidents and/or series of conduct, Appellants attempted to plead causes of action for fraud, misrepresentation, conversion,

---

[1] This is the time frame pled in the Complaint. Appellants' brief, however, claims this event happened in 2015.

breach of contract, unjust enrichment, and breach of the duty of good faith and fair

dealing.  The complaint, while lengthy, contains little in the way of actionable

substance.  Consequently, PLC and B. Thomas and Company moved the trial court

to dismiss the action, which it granted.  Appellants moved the trial court to alter,

amend, or vacate its order, but their motion was denied, and this appeal followed.

## STANDARD OF REVIEW

Appellees moved the trial court to dismiss the complaint under CR[2]

12.02(f) for failure to state a claim upon which relief can be granted.  Kentucky's

highest court has interpreted this standard, observing:

> A motion to dismiss for failure to state a claim upon
> which relief may be granted "admits as true the material
> facts of the complaint."  So a court should not grant such
> a motion "unless it appears the pleading party would not
> be entitled to relief under any set of facts which could be
> proved. . . ."  Accordingly, "the pleadings should be
> liberally construed in the light most favorable to the
> plaintiff, all allegations being taken as true."  This
> exacting standard of review eliminates any need by the
> trial court to make findings of fact; "rather, the question
> is purely a matter of law.  Stated another way, the court
> must ask if the facts alleged in the complaint can be
> proved, would the plaintiff be entitled to relief?"  Since a
> motion to dismiss for failure to state a claim upon which
> relief may be granted is a pure question of law, a
> reviewing court owes no deference to a trial court's
> determination; instead, an appellate court reviews the
> issue de novo.

---

[2]  Kentucky Rules of Civil Procedure.

*Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (footnotes omitted).

## ANALYSIS

Appellants first argue the trial court improperly dismissed their complaint when it applied the more stringent federal standard of pleading as opposed to the more permissive Kentucky standard in granting Appellees' motion to dismiss. Appellants cite to *Equitania Insurance Company v. Slone & Garrett, P.S.C.*, 191 S.W.3d 552, 556 (Ky. 2006), in which the Court held, "[i]n regard to pleadings, Kentucky has always followed the notice pleading theory which only requires a short and plain statement of claim demonstrating that relief is warranted and necessary. *See McCollum v. Garrett*, 880 S.W.2d 530 (Ky. 1994)." That case was in a notably different procedural posture, however, as it did not concern dismissal under CR 12.02(f) but, rather, sufficiency of jury instructions and judicial interpretation concerning a contract. Even so, verbosity is an inadequate substitute for the required statement of facts averring entitlement to relief.

Here, the trial court quoted CR 8.01, CR 8.05, CR 9.02, and CR 10.02. CR 8.01 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" CR 8.05 requires "[e]ach averment of a pleading shall be simple, concise, and direct." CR 9.02 provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a

person may be averred generally." CR 10.02 sets forth more specific guidance on the form of pleadings.[3]

The trial court's citation to and/or quotation of two federal cases does not demonstrate it impermissibly relied upon them in reaching its decision. Ultimately, the trial court found Appellants' complaint "too vague" to be actionable. We may affirm for any reason supported by the record. *Peterson v. Foley*, 559 S.W.3d 346, 349 (Ky. 2018). Our review of the record reveals the trial court was well within its authority to dismiss the complaint under CR 12.02(f) and for Appellants' failure to comply with CR 8.01, CR 8.05, CR 9.02, and CR 10.02 for the reasons discussed herein. We further agree with the trial court's summation: "While the standard for enunciating causes of action is low, it is an existing, required threshold. [Appellants] have simply not come close to meeting their burden with their initial complaint; in the interests of justice, the Court has no alternative." Stated another way, while little is required by Kentucky's notice

---

[3] In its entirety, CR 10.02 states:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

pleading standard, plaintiffs must link facts to essential elements of each cause of action or face dismissal.

Reviewing the trial court's order, it is unnecessary to address any other claim made by Appellants on appeal. We agree with the trial court that Appellants have waived several claims by their failure to refute PLC's arguments for dismissal. Specifically, Appellants did not dispute PLC's contention that Appellants' claims for conversion, breach of contract, breach of fiduciary duty, fraud and unjust enrichment were time-barred in either its response to PLC's motion to dismiss or in its motion to alter, amend or vacate. Only issues fairly brought to the attention of the circuit court are adequately preserved for appellate review. *Elery v. Commonwealth*, 368 S.W.3d 78, 97-98 (Ky. 2012) (citing *Richardson v. Commonwealth*, 483 S.W.2d 105, 106 (Ky. 1972); *Springer v. Commonwealth*, 998 S.W.2d 439, 446 (Ky. 1999); and *Young v. Commonwealth*, 50 S.W.3d 148, 168 (Ky. 2001)).

The remaining claims appealed were not ruled upon by the trial court and are, therefore, unreviewable. It is well-established an appellate court "is without authority to review issues not raised in or decided by the trial court." *Reg'l Jail Auth. v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989); *Matthews v. Ward*, 350 S.W.2d 500 (Ky. 1961).

## CONCLUSION

Therefore, and for the foregoing reasons, the orders of the Jefferson Circuit Court are AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Mark G. Hall
Louisville, Kentucky

BRIEF FOR APPELLEES:

John C. Neiman
Thomas W. H. Buck, Jr.
Birmingham, Alabama

Michael T. Leigh
Louisville, Kentucky